IN RE GUARDIANSHIP AND CONSERVATORSHIP OF MAUDE
CLEVENGER SIM.
MAUDE CLEVENGER SIM ET AL., APPELLANTS, V. EDITH WRIGHT
AND OPAL C. COMISKEY, APPELLEES.

448 N.W.2d 406

Filed November 22, 1989.   No. 88-216.

Harvey A. Neumeister and Kent J. Neumeister, and J. Patrick Green for appellants.

Alan M. Wood, of Bailey, Polsky, Cada, Todd & Cope, guardian and conservator.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.
In accordance with *In re Guardianship and Conservatorship of Sim*, 225 Neb. 181, 403 N.W.2d 721 (1987), the county court appointed attorney Alan M. Wood as guardian and conservator of Maude Clevenger Sim, with limited powers. Sim appealed that appointment to the district court, which, on December 8, 1987, affirmed the judgment of the county court and assessed costs against the attorneys representing Sim for acting in bad faith. On December 18, 1987, Sim alone filed a motion for "new trial or rehearing," which the district court overruled on February 3, 1988. On March 3, 1988, Sim and her attorneys filed their joint purported notice of appeal to this court. If Sim's motion for new trial or rehearing was inappropriate, the notice of appeal was clearly filed out of time with respect to all rulings of the district court. Neb. Rev. Stat. § 25-1912 (Cum.

Supp. 1988) provides that in the absence of a motion for new trial, the notice of appeal to this court must be filed within 30 days from the district court's ruling on the judgment of the county court.

We have held that a motion for new trial is proper only in a trial court. Accordingly, such motion is not properly presented to the district court where it sits as an intermediate appellate court and merely reviews the county court judgment. *Collection Bureau of Lincoln v. Loos, ante* p. 30, 443 N.W.2d 605 (1989). Neither is there authorization for a motion for rehearing in such circumstances. Therefore, a motion for new trial or rehearing is not authorized when the district court sits as an appellate court reviewing the judgment of the county court, and such motion therefore does not toll the time for appealing to this court; the time for such appeal begins to run from the date the district court rules on the judgment of the county court.

Accordingly, this purported appeal is dismissed for want of jurisdiction.

APPEAL DISMISSED.