IN RE CONSERVATORSHIP OF RANDY D. MOSEL, A PROTECTED PERSON.
RANDY D. MOSEL, A PROTECTED PERSON, APPELLEE, V. LEONARD DUNKER, CONSERVATOR, APPELLANT.
449 N.W.2d 220

Filed December 22, 1989.   No. 88-305.

Leonard Dunker, conservator.

Roger C. Lott for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

On March 26, 1987, the county court for Lancaster County entered an order refusing to terminate the conservatorship of Randy D. Mosel. In the order the county court specifically refused to find the conservator unfit, but did find that

> the evidence does show that over the course of the last five years, the relationship between this conservator and Mr. Mosel has run its course and has taken on such a character that it is of mutual benefit to both and in the best interests of Mr. Mosel that it [the relationship] be terminated.

The county court ordered that "the letters of conservatorship be terminated."

The conservator timely appealed from this order to the district court for Lancaster County. On January 15, 1988, the district court, after hearing, entered the following order: "Upon a review of the entire record this court cannot conclude that the decision of the County Court was erroneous. Therefore, it is ordered that the appeal be dismissed at appellant's costs."

On January 25, 1988, the conservator filed a "Motion For New Trial" in the district court. On March 15, the district court overruled the motion for new trial. On April 5, the conservator filed a notice of appeal to this court.

After the briefing in this case was concluded, this court held, in *Collection Bureau of Lincoln v. Loos*, 233 Neb. 30, 31, 443 N.W.2d 605, 606 (1989): "A motion for new trial is not properly presented to the district court after its decision affirming or reversing the judgment of the county court. In such an instance, the district court sits as an intermediate appellate court, not a trial court." In the *Loos* case, we held that a notice of appeal filed in this court 76 days after the district court had affirmed the judgment of the county court was not filed in time to give this court jurisdiction, although Loos had filed a motion for

new trial in the district court within 10 days of the district court's order affirming the order of the county court. That determination was reaffirmed in *In re Guardianship and Conservatorship of Sim,* 233 Neb. 825, 448 N.W.2d 406 (1989).

Similarly, in this case the notice of appeal was not timely filed to give this court jurisdiction. The appeal must be dismissed.

APPEAL DISMISSED.