STATE OF NEBRASKA, APPELLEE, V. STANLEY DEUTSCH, APPELLANT.
507 N.W.2d 681

Filed November 2, 1993.    No. A-93-137.

Bernard J. Ach for appellant.

Don Stenberg, Attorney General, and Kenneth W. Payne for appellee.

CONNOLLY, IRWIN, and WRIGHT, Judges.

WRIGHT, Judge.
Stanley Deutsch appeals his sentence for attempted sexual assault of a child.

## STANDARD OF REVIEW
The filing of a motion for new trial in a court which functions as an intermediate court of appeals does not stop the running of the time within which to perfect an appeal from the reviewing court. *Hueftle v. Northeast Tech. Community College*, 242 Neb. 685, 496 N.W.2d 506 (1993).

## FACTS
Stanley Deutsch was charged in county court with attempted sexual assault of a child, a Class I misdemeanor, in violation of Neb. Rev. Stat. §§ 28-201(1)(b) and 28-320.01 (Reissue 1989). At arraignment, Deutsch pleaded no contest in return for

dismissal of an attempted first degree sexual assault charge which was pending in Saline County District Court. The county court found a factual basis for the charge and found that the plea was knowingly, intelligently, and voluntarily made. The court ordered a presentence investigation.

A sentencing hearing was held April 14, 1992, and Deutsch filed a motion to recuse, which was overruled. He was sentenced to serve 1 year in an institution under the jurisdiction of the Department of Correctional Services. On April 14, Deutsch filed a notice of appeal in the county court, but he did not file assignments of error with the district court until June 30. He asserted that the county court erred in considering evidence not included in the presentence report. The court was alleged to have reviewed letters from the victim's parents which were sent directly to the court and not included in the presentence report. Deutsch also assigned as error the refusal of the county court judge to recuse himself from sentencing and the excessiveness of the sentence.

On December 15, the district court affirmed the county court's sentence. On December 24, Deutsch filed in the district court a motion for new trial, which was denied on January 29, 1993. Deutsch then appealed to this court on February 18.

## ANALYSIS

We do not reach the merits of Deutsch's appeal because we do not have jurisdiction. Deutsch's sentence was affirmed by the district court on December 15, 1992. Pursuant to Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1992), his appeal to this court must have been filed within 30 days unless tolled by a timely filed motion for new trial. The time for filing an appeal was not tolled by Deutsch's filing of a motion for new trial in the district court.

> A motion for a new trial is restricted to a trial court, and where the district court acts in the capacity of an appellate court, such a motion is not a proper pleading and it does not stop the running of time for perfecting an appeal. This is true whether that court is hearing appeals from the county court or from some other lower tribunal.

*Interstate Printing Co. v. Department of Revenue*, 236 Neb.

110, 112-13, 459 N.W.2d 519, 522 (1990).

■ In *Hueftle v. Northeast Tech. Community College, supra*, the Supreme Court noted that it is improper to move for a new trial in a court which reviews the decision of a lower court and therefore functions as an intermediate court of appeals and not as a trial court. The filing of a motion for new trial in a court which functions as an intermediate court of appeals does not stop the running of the time for filing the appeal.

Since Deutsch failed to file an appeal within 30 days of the district court's order affirming the sentence imposed by the county court, we are without jurisdiction to consider his appeal. We dismiss this appeal for lack of jurisdiction.

APPEAL DISMISSED.