ANDRE FREDERICK BILLUPS, SR., AS NEXT FRIEND OF ANDRE FREDERICK BILLUPS, JR., APPELLANT, V. EMILY SCOTT, APPELLEE.

571 N.W.2d 607

Filed November 7, 1997.   No. S-96-1233.

Andre Frederick Billups, Sr., pro se.

Thomas J. Guilfoyle and John A. Kinney, of Frost, Meyers, Guilfoyle & Govier, for appellee.

WRIGHT, GERRARD, STEPHAN, and McCORMACK, JJ.

PER CURIAM.

Urging that the district court abused its discretion, the plaintiff-appellant, Andre Frederick Billups, Sr., seeks to reverse that court's order overruling without prejudice his motion for leave to depose the defendant-appellee, attorney Emily Scott.

Billups filed the aforedescribed motion after the district court dismissed this case as set forth in *Billups v. Scott, ante* p. 287, 571 N.W.2d 603 (1997), and while the appeal therein was pending in this court. The short but controlling answer to this appeal is that after an appeal has been perfected to an appellate court, the lower courts are divested of subject matter jurisdiction over that case. See, *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996); *Anderzhon/Architects v. 57 Oxbow II Partnership*, 250 Neb. 768, 553 N.W.2d 157 (1996); *Flora v. Escudero*, 247 Neb. 260, 526 N.W.2d 643 (1995).

Lacking subject matter jurisdiction, the district court erred in entertaining Billups' motion. A ruling made in the absence of subject matter jurisdiction is a nullity, *Zeeb v. Delicious Foods*, 231 Neb. 358, 436 N.W.2d 190 (1989); as a result, there is nothing for us to review.

APPEAL DISMISSED.

WHITE, C.J., participating on briefs.

CAPORALE and CONNOLLY, JJ., not participating.