STATE OF NEBRASKA, APPELLANT, V.
KAREN J. DVORAK, APPELLEE.
574 N.W. 2d 492

Filed February 27, 1998.    No. S-96-885.

John J. Kohl, Platte County Attorney, for appellant.

No appearance for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

WHITE, C.J.

This is an appeal by the State of Nebraska of an order entered by the district court for Platte County, affirming an order of the Platte County Court which granted the application of the defendant, Karen J. Dvorak, to set aside conviction. Dvorak filed the application pursuant to Neb. Rev. Stat. § 29-2264 (Reissue 1995), which the State challenged as unconstitutional.

Dvorak was convicted on January 22, 1996, in Platte County Court of reckless driving on an amended complaint. Dvorak entered a plea of no contest to the charge based upon a plea agreement.

On March 12, 1996, Dvorak filed in the county court an application to set aside conviction pursuant to § 29-2264. Section 29-2264, in relevant part, states:

> (2) Whenever any person is convicted of a misdemeanor or felony and is placed on probation by the court or is sentenced to a fine only, he or she may, after satisfactory fulfillment of the conditions of probation for the entire period or after discharge from probation prior to the termination of the period of probation and after payment of any fine, petition the sentencing court to set aside the conviction.
>
> . . . .
>
> (4) The court may grant the offender's petition and issue an order setting aside the conviction when in the opinion of the court the order will be in the best interest of the offender and consistent with the public welfare. The order shall:
>
> (a) Nullify the conviction; and
>
> (b) Remove all civil disabilities and disqualifications imposed as a result of the conviction.

Following an evidentiary hearing, the Platte County Court granted Dvorak's application to set aside conviction and entered an order setting aside conviction on April 8, 1996, which nullified the conviction "as though a pardon had been issued."

On April 9, 1996, the State appealed the decision of the county court to the Platte County District Court. The State assigned as error that the county court (1) concluded that § 29-2264(2) was constitutional, (2) found that it had subject matter jurisdiction, and (3) in the alternative, failed to consider the facts supporting the conviction among the factors to be considered in setting aside a conviction.

On July 2, 1996, the Platte County District Court found that the granting of the application to set aside conviction was in error and ordered that the case be remanded to the county court to reinstate the conviction. Subsequently, on July 5, Dvorak filed a motion to reconsider, arguing that the district court did not rely on the then current version of § 29-2264, which authorized setting aside a conviction where a defendant was sentenced to a fine only.

On August 9, 1996, the district court entered an order reversing its previous decision of July 2 and affirming the county court's order setting aside conviction. It is from this order that the State now appeals. As this case involves a question of law regarding the validity of a statute, we granted direct review by this court pursuant to Neb. Rev. Stat. § 24-1106 (Reissue 1995).

The State argues that the district court erred (1) in implicitly finding that § 29-2264, which purports to grant the judicial branch of government the power to set aside a conviction and sentence, was not violative of the separation of powers set forth in Neb. Const. art. II, § 1, and art. IV, § 13, and (2) in the alternative, failing to consider whether the county court abused its discretion by finding that the facts supporting the conviction for reckless driving were not relevant to the consideration of whether Dvorak's conviction should be set aside.

On appeal, the district court reviews the county court judgment for error appearing on the record made in the county court. Neb. Rev. Stat. § 25-2733(1) (Reissue 1995); *Workman v. Stehlik*, 238 Neb. 666, 471 N.W.2d 760 (1991).

Statutory authority to exercise subject matter jurisdiction may be raised sua sponte by a court. *In re Adoption of Kassandra B. & Nicholas B.*, 248 Neb. 912, 540 N.W.2d 554 (1995). The determination of a jurisdictional issue which does not involve a factual dispute is a matter of law which requires

an appellate court to reach its conclusion independent from a trial court. *In re Estate of Andersen*, 253 Neb. 748, 572 N.W.2d 93 (1998); *State v. Gibbs*, 253 Neb. 241, 570 N.W.2d 326 (1997).

Even though an extrajudicial act of a lower court cannot vest an appellate court with jurisdiction to review the merits of an appeal, the appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power, that is, the subject matter jurisdiction, to enter the judgment or other final order sought to be reviewed. *In re Estate of Andersen, supra*; *State v. Jacques*, 253 Neb. 247, 570 N.W.2d 331 (1997).

In the instant case, the State appeals the district court's order of August 9, 1996. Prior to the August 9 order, the district court had rendered an order on July 2 which reversed the county court's decision granting Dvorak a discharge and reinstated her conviction. Dvorak then filed a motion for reconsideration on July 5. The district court granted the motion and reversed its own order of July 2.

In our determination of whether the district court had subject matter jurisdiction to enter the final order sought to be reviewed, see *In re Estate of Andersen, supra*, we note that the district court was exercising its appellate jurisdiction pursuant to Neb. Rev. Stat. § 25-1901 (Reissue 1995). However, we do not find any statute or court rule which allows for a rehearing in the district court after the district court has made its ruling subject to § 25-1901. Just as a motion for new trial does not toll the time for appeal when a district court is acting as an appellate court, neither does a motion to reconsider. As a result, the district court's exercise of subject matter jurisdiction over Dvorak's motion for reconsideration was without statutory authority. Therefore, we hold that the order of July 2, 1996, was the district court's final disposition of the appeal and that the district court was divested of jurisdiction over the matter upon that order. A ruling made in the absence of subject matter jurisdiction is a nullity. *In re Estate of Andersen, supra*. Accordingly, the district court's order of August 9, 1996, is void, and this court is without jurisdiction to review the merits of the appeal. See, *In re Estate of Andersen, supra*; *Jacques, supra*.

For the foregoing reasons, the decision of the district court is reversed and the cause remanded with direction to reinstate the conviction.

REVERSED AND REMANDED WITH DIRECTION.