ALAN H. GOODMAN AND KATHLEEN M. BRENNAN, APPELLANTS,
v. CITY OF OMAHA ET AL., APPELLEES.
742 N.W.2d 26

Filed November 30, 2007.   No. S-06-532.

William J. Brennan for appellants.

Alan M. Thelen, Assistant Omaha City Attorney, for appellee City of Omaha.

J. William Gallup for appellees Anthony L. Gross et al.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.
NATURE OF CASE
The Omaha Zoning Board of Appeals (the Board) approved for a 5-year time period a request for a variance by Midwest Accounting & Tax Service, Inc. (Midwest). Alan H. Goodman and Kathleen M. Brennan (the appellants) filed a petition appealing

this approval to the district court for Douglas County. The district court affirmed the decision of the Board and dismissed the appellants' appeal. Within 10 days of the district court's order, the appellants filed a motion for new trial and a motion to alter or amend. The district court denied the appellants' motions, and the appellants perfected this appeal.

## BACKGROUND

Anthony L. Gross, trustee of the Richard Gross Living Trust, was issued a violation by the City of Omaha Planning Department as a result of Midwest's operation of an accounting and tax business out of a residential home located in Omaha, Nebraska. Gross was directed to remove the operation of Midwest from the dwelling or comply with the Omaha Municipal Code. Midwest applied to the Board for a variance from Omaha zoning ordinances in order to continue conducting its business from the residence. Midwest, which had operated at the residential location since 1976 and employed four full-time employees and one part-time employee during the busy season, based its application on unnecessary hardship. On June 16, 2005, the Board approved Midwest's request, subject to the following restrictions: Midwest is allowed to operate at the residential location for a maximum of 5 years, Midwest is not allowed to advertise on the property, and Midwest is not allowed to employ more employees than the number it currently employed.

The appellants filed a petition on appeal with the district court. At the hearing before the court, the appellants offered 14 exhibits, which included the bill of exceptions from the proceedings before the Board. The court received into evidence exhibits 1 and 2, which composed the bill of exceptions, and exhibit 13 which was a copy of an Omaha ordinance. The court sustained objections made to the remaining exhibits.

On January 13, 2006, the district court entered an order affirming the decision of the Board and dismissing the appellants' appeal. The court found that the Board's decision was legal, was supported by the evidence, and was not arbitrary, unreasonable, or clearly wrong. On January 23, the appellants filed a motion for new trial and a motion to alter or amend the judgment or

order. The district court overruled the appellants' motions on April 13. On May 12, the appellants filed this appeal.

## ASSIGNMENTS OF ERROR

The appellants contend the district court erred in (1) overruling their motion for new trial and motion to alter and amend the judgment, (2) allowing conduct prohibited by Omaha zoning ordinances when Midwest was in violation of those ordinances when it filed its request for a variance, (3) failing to receive into evidence newly discovered evidence, (4) affirming the variance granted by the Board when the record contained no evidence of hardship, (5) affirming the Board's decision when state statute allows the Board to grant variances only where the spirit of the ordinance shall be observed, (6) finding that an inconvenience translates into a hardship for Midwest, and (7) allowing a board member to have prehearing contact with two of Midwest's stockholders on three occasions.

## STANDARD OF REVIEW

On appeal, a district court may disturb the decision of a zoning appeals board only when the decision was illegal or is not supported by the evidence and is thus arbitrary, unreasonable, or clearly wrong.[1] In reviewing a decision of the district court regarding a zoning appeal, the standard of review is whether the district court abused its discretion or made an error of law.[2]

## ANALYSIS

Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.[3] Accordingly, before we address the merits of the appellants' claims, we must first determine whether we have jurisdiction over this appeal.

Jurisdiction is defined as a court's power or authority to hear a case.[4] An appellate court acquires no jurisdiction unless

---

[1] *Lamar Co. v. Omaha Zoning Bd. of Appeals*, 271 Neb. 473, 713 N.W.2d 406 (2006).

[2] *Id.*

[3] *Williams v. Baird*, 273 Neb. 977, 735 N.W.2d 383 (2007).

[4] *Kuhlmann v. City of Omaha*, 251 Neb. 176, 556 N.W.2d 15 (1996).

the appellant has satisfied the requirements for appellate juris-diction.[5] Pursuant to Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 2006), an appeal must be filed within 30 days of the final order from which an appeal is taken. Generally, the running of the statutory time for filing an appeal may be tolled upon the filing of a motion for new trial or a motion to alter or amend.[6]

Within 10 days of the district court's January 13, 2006, order, which affirmed the decision of the Board, the appellants filed both a motion for new trial and a motion to alter or amend. The appellants did not file their notice of appeal until May 12, which was within 30 days of the district court's April 13 order overruling the appellants' motion for new trial and motion to alter or amend. The jurisdictional question before this court is whether the appellants' motions tolled the statutory time for filing an appeal.

### MOTION FOR NEW TRIAL

We have stated:

A motion for a new trial is restricted to a trial court, and where the district court acts in the capacity of an appel-late court, such a motion is not a proper pleading and it does not stop the running of time for perfecting an appeal. This is true whether that court is hearing appeals from the county court or from some other lower tribunal.[7]

In *Hueftle v. Northeast Tech. Community College*,[8] we con-cluded that a motion for new trial filed with the district court did not toll the time within which to file an appeal where the district court functioned as an intermediate court of appeals. In *Hueftle*, the appellee filed a petition in error in the district court from the Northeast Technical Community College Board of Governors'

---

[5] *Manske v. Manske*, 246 Neb. 314, 518 N.W.2d 144 (1994).

[6] See *Jackson v. Board of Equal. of City of Omaha*, 10 Neb. App. 330, 630 N.W.2d 680 (2001).

[7] *Interstate Printing Co. v. Department of Revenue*, 236 Neb. 110, 112-13, 459 N.W.2d 519, 522 (1990). See, also, *Morello v. City of Omaha*, 5 Neb. App. 785, 565 N.W.2d 41 (1997).

[8] *Hueftle v. Northeast Tech. Community College*, 242 Neb. 685, 496 N.W.2d 506 (1993).

decision terminating the employment of the appellee. The district court vacated the board's decision, and the board filed a motion for new trial. The district court denied the board's motion, and the board appealed. The board's appeal was filed less than 30 days after the district court denied its motion, but more than 30 days after the court's order vacating the board's decision was entered.

We explained in *Hueftle* that although a motion for new trial may be appropriately filed in a trial court,

"[i]t is improper to move for a new trial in a court which reviewed the decision of a lower court or administrative agency and thus functioned not as a trial court but as an intermediate court of appeals. . . . It necessarily follows then that the filing of a motion for new trial in a court which functioned as an intermediate court of appeals does not stop the running of the time within which to perfect an appeal from the reviewing court."[9]

The present case concerns an appeal from a zoning board of appeals to the district court. Decisions of the zoning board of appeals are reviewable by a district court pursuant to Neb. Rev. Stat. §§ 14-413 and 14-414 (Reissue 1997).[10] Section 14-413 provides that a zoning board of appeals' decision may be reviewed by a district court, but the scope of the district court's review is limited to the legality or illegality of the board's decision. Section 14-414 provides that the district court's authority is limited to the power to reverse, modify, or affirm the decision brought before that court for review. In *Kuhlmann v. City of Omaha*,[11] we characterized the district court's role in appeals from a zoning appeals board as an appellate court. Because the district court in this case functioned as an intermediate court of appeals, and not as a trial court, the appellants' motion for new trial did not stop the running of the time within which to perfect an appeal.

---

[9] *Id.* at 687, 496 N.W.2d at 507 (citation omitted).

[10] *Kuhlmann v. City of Omaha, supra* note 4.

[11] *Id.*

## MOTION TO ALTER OR AMEND

The appellants did not file an appeal within 30 days of the district court's January 13, 2006, order. Because the appellants' motion for new trial did not toll the time within which to file an appeal, this court lacks jurisdiction of this appeal unless the 30-day time period was tolled by the appellants' motion to alter or amend.

Like a motion for new trial, a timely motion to alter or amend tolls the time for filing a notice of appeal.[12] Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2006) provides in part, "A motion to alter or amend a judgment shall be filed no later than ten days after the entry of the judgment." Neb. Rev. Stat. § 25-1301(1) (Cum. Supp. 2006), defines a judgment as "the final determination of the rights of the parties in an action." We described "judgment" in *Strunk v. Chromy-Strunk*[13] as "a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist."

As noted above, the district court in this case was functioning as an intermediate court of appeals. The order issued by the district court was not a judgment, but, rather, was an appellate decision reviewing the judgment rendered by the Board. Accordingly, we determine that under these circumstances, the appellants' motion to alter or amend was not an appropriate motion to file after the district court's decision and did not toll the time for filing a notice of appeal.

## CONCLUSION

Because the appellants did not file a notice of appeal within 30 days of the district court's January 13, 2006, order and because the time period in which to file an appeal was not tolled, this court does not have jurisdiction over the appellants' appeal.

APPEAL DISMISSED.

[12] See *Allied Mut. Ins. Co. v. City of Lincoln*, 269 Neb. 631, 694 N.W.2d 832 (2005).

[13] *Strunk v. Chromy-Strunk*, 270 Neb. 917, 929, 708 N.W.2d 821, 834 (2006).