755 N.W.2d 798 (2008)
276 Neb. 585
Daniel R. TIMMERMAN, appellant,
v.
Beverly NETH, director, State of Nebraska, Department of Motor Vehicles, appellee.
No. S-07-648.
Supreme Court of Nebraska.
September 19, 2008.
*799 Gregory G. Jensen, P.C., L.L.O., Taylor, for appellant.
Jon Bruning, Attorney General, and Kevin J. Edwards for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
The question presented in this appeal is whether a motion to alter or amend a judgment,[1] filed after a district court's judicial review of an administrative decision under the Administrative Procedure Act (APA),[2] tolls the time for taking an appeal from the district court's order.[3]

BACKGROUND
The appellant, Daniel R. Timmerman, was arrested on November 30, 2006, for driving under the influence of alcohol, and he allegedly refused to submit to a chemical test. The Nebraska Department of Motor Vehicles (DMV) revoked Timmerman's operator's license for a period of 1 year. Timmerman filed a petition for judicial review pursuant to the APA.[4] A hearing was held, and on April 24, 2007, the district court entered an order affirming the DMV's decision. On April 30, Timmerman filed a motion to alter or amend the judgment, pursuant to § 25-1329. A hearing was held, and the district court overruled the motion in an order filed on May 31. Timmerman filed a notice of appeal from the district court's order on June 8.[5] The Nebraska Court of Appeals, citing our decision in Goodman v. City of Omaha,[6] summarily dismissed Timmerman's appeal as filed out of time. We granted Timmerman's petition for further review.

ASSIGNMENT OF ERROR
Timmerman assigns that the Court of Appeals erred in determining that his motion to alter or amend the judgment, filed *800 in the district court, did not toll the time for taking an appeal from the district court's order.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision.[7]

ANALYSIS
The question presented in this appeal is whether Timmerman's appeal from the district court was timely. Ordinarily, in order to appeal from a judgment, decree, or final order made by the district court, the appealing party must file a notice of appeal in the district court within 30 days.[8] But the running of the time for filing a notice of appeal is tolled by filing a timely tolling motion,[9] such as a motion for new trial,[10] motion to alter or amend the judgment,[11] or motion for judgment notwithstanding the verdict.[12] If such a motion is filed, the appealing party may file a notice of appeal within 30 days of the court's order ruling on the motion.[13]
But we have long held that a motion for new trial is improper in a court which reviewed the decision of a lower court or administrative agency and thus functioned not as a trial court but as an intermediate court of appeals.[14] And it is equally well established that in reviewing final administrative orders under the APA, the district court functions not as a trial court but as an intermediate court of appeals.[15] Thus, a motion for new trial filed after a district court's judicial review in an APA proceeding is not a proper motion and does not stop the running of time for perfecting an appeal.[16]
We have similarly reasoned that when a district court is functioning as an intermediate court of appeals, a motion to alter or amend a judgment does not toll the time for perfecting an appeal.[17] In Goodman v. City of Omaha, an appeal to the district court from a zoning board of appeals, we held that the district court functioned as an intermediate court of appeals, and rejected the appellants' argument that their motion for new trial tolled the time for taking an appeal. But the appellants had also filed a motion to alter or amend the judgment.
*801 We explained that a "judgment," for purposes of a motion to alter or amend a judgment pursuant to § 25-1329, is "`the final determination of the rights of the parties in an action,'"[18] or "`a court's final consideration and determination of the respective rights and obligations of the parties to an action as those rights and obligations presently exist.'"[19] Therefore, because the district court was functioning as an intermediate court of appeals, we determined that "[t]he order issued by the district court was not a judgment, but, rather, was an appellate decision reviewing the judgment rendered by the [zoning] Board."[20] Accordingly, we concluded that the appellants' motion to alter or amend was not an appropriate motion and did not toll the time for filing a notice of appeal.[21]
In this case, Timmerman's notice of appeal was not filed within 30 days of the district court's order affirming the decision of the DMV. Timmerman's motion to alter or amend the judgment did not toll the time for taking an appeal, because the district court in this APA proceeding was acting as an intermediate court of appeals. Therefore, the Court of Appeals correctly concluded that Timmerman's appeal to that court was untimely.
Timmerman contends that Goodman is inapplicable to an APA proceeding, and specifically a license revocation proceeding, because the statutes relating to those proceedings refer to a "judgment." For example, "[a]n aggrieved party may secure a review of any judgment rendered or final order made by the district court under the [APA] by appeal to the Court of Appeals."[22] And when a person appeals from the revocation of his or her operator's license, pursuant to the APA, the appeal "shall suspend the order of revocation until the final judgment of a court finds against the person so appealing."[23] Thus, Timmerman contends that the decision of a district court in a license revocation proceeding must be a "judgment" for purposes of § 25-1329.
Timmerman's argument is not unreasonable. But the word "judgment" refers to different things in different contexts, and is often used generally to refer to the result of any kind of judicial decisionmaking process.[24] In the specific context of § 25-1329, however, we have explained that a "judgment" is the final determination of a trial court, not an appellate court.[25] We do not read the APA, or § 60-498.04, as affecting our long-established rule that the tolling motions listed in § 25-1912(3) are ineffective when a district court is acting as an intermediate court of appeals, or our specific holding that a "judgment," for purposes of § 25-1329, does not include an appellate decision of a district court.[26]
The Court of Appeals correctly applied our decision in Goodman and concluded that Timmerman's appeal to that court was untimely. Timmerman's assignment of error is without merit.

*802 CONCLUSION
The decision of the Court of Appeals, dismissing Timmerman's appeal, is affirmed.
AFFIRMED.
NOTES
[1] See Neb.Rev.Stat. § 25-1329 (Cum.Supp. 2006).
[2] Neb.Rev.Stat. §§ 84-901 to 84-920 (Reissue 1999 & Cum.Supp.2006).
[3] See Neb.Rev.Stat. § 25-1912(3) (Cum.Supp. 2006).
[4] See § 84-917.
[5] See § 84-918(3).
[6] Goodman v. City of Omaha, 274 Neb. 539, 742 N.W.2d 26 (2007).
[7] VanHorn v. Nebraska State Racing Comm., 273 Neb. 737, 732 N.W.2d 651 (2007).
[8] § 25-1912(1).
[9] § 25-1912(3).
[10] See Neb.Rev.Stat. § 25-1144.01 (Cum. Supp.2006).
[11] See § 25-1329.
[12] See Neb.Rev.Stat. § 25-1315.02 (Cum. Supp.2006).
[13] § 25-1912(3).
[14] Booker v. Nebraska State Patrol, 239 Neb. 687, 477 N.W.2d 805 (1991). See, e.g., Goodman, supra note 6; Hueftle v. Northeast Tech. Community College, 242 Neb. 685, 496 N.W.2d 506 (1993); Interstate Printing Co. v. Department of Revenue, 236 Neb. 110, 459 N.W.2d 519 (1990); Russell v. Luevano, 234 Neb. 581, 452 N.W.2d 43 (1990); In re Conservatorship of Mosel, 234 Neb. 86, 449 N.W.2d 220 (1989); In re Guardianship and Conservatorship of Sim, 233 Neb. 825, 448 N.W.2d 406 (1989); Collection Bureau of Lincoln v. Loos, 233 Neb. 30, 443 N.W.2d 605 (1989).
[15] Betterman v. Department of Motor Vehicles, 273 Neb. 178, 728 N.W.2d 570 (2007); Wolgamott v. Abramson, 253 Neb. 350, 570 N.W.2d 818 (1997). See, also, Interstate Printing Co., supra note 14.
[16] Interstate Printing Co., supra note 14.
[17] See Goodman, supra note 6.
[18] Id. at 544, 742 N.W.2d at 30, quoting Neb. Rev.Stat. § 25-1301(1) (Cum.Supp.2006).
[19] Id., quoting Strunk v. Chromy-Strunk, 270 Neb. 917, 708 N.W.2d 821 (2006).
[20] Id.
[21] Id.
[22] § 84-918.
[23] Neb.Rev.Stat. § 60-498.04 (Reissue 2004).
[24] See, e.g., 8 The Oxford English Dictionary 294-95 (2d ed.1989).
[25] See Goodman, supra note 6.
[26] See id.