17 Neb.App. 195
STATE OF NEBRASKA, APPELLEE,
v.
ALECIA M. HAUSMANN, APPELLANT.
No. A-07-1229.
Court of Appeals of Nebraska.
Filed November 10, 2008.
Patrick J. Boylan, Chief Deputy Sarpy County Public Defender, and Sarah Mori, Senior Certified Law Student, for appellant.
Jon Bruning, Attorney General, and George R. Love for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
CASSEL, Judge.

INTRODUCTION
Alecia M. Hausmann appeals from a district court order affirming the judgment of the county court sentencing Hausmann for minor in possession of alcohol. However, before entering the order affirming the county court's decision on the merits, the district court entered an order dismissing the appeal. Hausmann then filed a motion to vacate the order of dismissal, which the district court granted by docket entry. Because a district court, upon making a final order while sitting as an intermediate appellate court, thereafter lacks the power to rehear a case, Hausmann's appeal to this court was untimely and we lack jurisdiction.

BACKGROUND
On June 18, 2006, Hausmann was cited for minor in possession of alcohol. Before trial, Hausmann moved to suppress evidence. The county court overruled this motion and subsequently found Hausmann guilty on February 27, 2007, of being a minor in possession of alcohol. The court sentenced Hausmann on June 21.
On July 2, 2007, Hausmann appealed her conviction to the district court on the grounds that the county court erred in overruling the motion to suppress and convicting Hausmann with insufficient evidence. On September 10, the district court issued an order dismissing Hausmann's appeal, because the record did not include the conviction and sentencing order from county court. Although the district court's order stated that Hausmann had failed to provide a proper record and that "[a]bsent a complete record, the decision of the [county] court must be affirmed," the order also stated that Hausmann's appeal was "dismissed." In addition, the September 10 order directed the district court to "certify a copy of this order to the Sarpy County Court and issue a Mandate upon expiration of the statutory time within which to file an appeal."
On September 28, 2007, Hausmann moved for the district court to vacate the dismissal order and permit Hausmann to file a supplemental transcript. By a docket entry made on October 5, the district court granted this motion. The court later decided Hausmann's appeal on the merits. In an October 22 opinion and order, the district court affirmed the decision of the county court.
On November 21, 2007, Hausmann appealed the district court's decision to this court. Pursuant to Neb. Ct. R. App. P. § 2-107(A)(1), this court initially entered an order summarily affirming the district court's October 22 order. We recognized that the bill of exceptions before us did not contain the trial before the county court, and thus, we could not determine that Hausmann had properly preserved the suppression issue by objecting at trial.
After entering this order, we received an additional volume of the bill of exceptions prepared by the county courtwhich contained the verbatim proceedings of the trial and had been on file with the district court since July 18, 2007. The additional volume showed that Hausmann had properly preserved the objection. Because the premise for our initial summary affirmance was incorrect, we vacated our summary affirmance and reinstated the appeal.
Because the State's brief on appeal was also premised on the failure to include the trial proceedings in the bill of exceptionsan incorrect premise apparently occasioned by the district court's initial failure to forward the volume of the bill of exceptionswe allowed the State time to file a supplemental brief. The State used this opportunity to raise the jurisdictional issue that we now confront.

ASSIGNMENTS OF ERROR
Although we do not reach Hausmann's assigned errors, we note that Hausmann made three assignments of error, which we would consolidate and restate into two issues. First, Hausmann assigns that the district court erred in affirming the county court's decision to overrule Hausmann's motion to suppress. Second, Hausmann alleges that the district court erred in finding that there was sufficient evidence to support a conviction.

STANDARD OF REVIEW
[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. State v. Ehlers, 262 Neb. 247, 631 N.W.2d 471 (2001).

ANALYSIS
The State argues that we lack jurisdiction because Hausmann did not timely appeal. The State insists that Hausmann's appeal period began to run on September 10, 2007, when the district court entered an order dismissing the appeal, and that the court's October 22 order was a nullity. The State thus concludes that Hausmann's appeal filed on November 21 was untimely. Under Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2006), a party has 30 days from the entry of judgment to appeal the decision of a district court unless a party has filed a motion which tolls the appeal period. Thus, if the September 10 order was final and appealable and Hausmann's motion to vacate did not toll the time for appeal, her appeal was untimely. We thus consider whether the district court's order entered on October 22 was appealable.
[2] Even if the State is correct that we lack jurisdiction of the merits of Hausmann's appeal, we nonetheless have jurisdiction to determine whether the district court had jurisdiction to enter its order of October 22, 2007. Even though an extrajudicial act of a lower court cannot vest an appellate court with jurisdiction to review the merits of an appeal, the appellate court has jurisdiction and, moreover, the duty to determine whether the lower court had the power, that is, the subject matter jurisdiction, to enter the judgment or other final order sought to be reviewed. State v. Rieger, 257 Neb. 826, 600 N.W.2d 831 (1999).
[3] In order to determine whether Hausmann could appeal the October 22, 2007, order, we must first determine whether the district court had jurisdiction to enter this order. Specifically, we examine whether a district court sitting as an intermediate appellate court may make a further disposition of a case when it has already issued a final, appealable order pursuant to Neb. Rev. Stat. § 25-1901 (Supp. 2007). With certain exceptions not pertinent to the case before us, a judgment rendered or final order made by any tribunal, board, or officer exercising judicial functions and inferior in jurisdiction to the district court may be reversed, vacated, or modified by the district court. § 25-1901.
Although the State identifies case law holding that a district court may not rehear a case after entering a final order, we find two lines of authority on this issue.
We first look to State v. Painter, 224 Neb. 905, 402 N.W.2d 677 (1987), where the Nebraska Supreme Court held that a district court sitting as an appellate court has the power to rehear a case after entering a final order. In Painter, the defendant appealed his conviction to the district court and the court affirmed. However, the district court's order inadvertently modified the county court's sentence. The district court then issued a nunc pro tunc order to correct the error. The Supreme Court noted that a nunc pro tunc order to correct a scrivener's error was improper here because the judge, who actually had the power to modify the sentence, and not a scrivener, had erred. The Supreme Court then discussed whether a district court sitting as an intermediate court of appeals had the power to modify its previous final order. The Supreme Court concluded that "just as the Supreme Court may, on a motion for rehearing, timely modify its opinion, an intermediate appellate court may also timely modify its opinion." Id. at 912, 402 N.W.2d at 681.
The Supreme Court's conclusion in Painter is consistent with general principles of law. Commentary in 5 C.J.S. Appeal and Error § 677 at 89 (1993) explains that "[b]roadly speaking, the power to grant rehearings is inherent in appellate courts, at least during the term at which the case is decided."
The Supreme Court subsequently decided a similar case without referring to Painter. In Interstate Printing Co. v. Department of Revenue, 236 Neb. 110, 459 N.W.2d 519 (1990), the Supreme Court again decided that a district court exercising appellate jurisdiction had the power to modify a final order to correct a judicial error. In Interstate Printing Co., the district court heard an appeal from an administrative agency. The district court's final order referred to an order that the agency had issued on December 2, 1986, but the agency had actually issued the order on July 9, 1987. The district court then corrected this error pursuant to a motion nunc pro tunc. The Supreme Court determined that the district court's initial order was a nullity because of the mistake, and could not be corrected pursuant to a motion nunc pro tunc. The Supreme Court found that the district court had instead modified its initial order pursuant to its power to modify a judgment during the term rendered. The Supreme Court ultimately concluded that the time for appeal would run from the time that the amended judgment was entered.
Any power that the district court may have to rehear, however, is limited in time. The district court's appellate jurisdiction, including any power it may have to rehear, certainly ends when the county court acts on the district court's mandate. When a county court acts upon a mandate issued by a district court sitting as an appellate court, the district court loses jurisdiction over the cause except upon a subsequent appeal. State v. Bracey, 261 Neb. 14, 621 N.W.2d 106 (2001). Thus, under State v. Painter, 224 Neb. 905, 402 N.W.2d 677 (1987), the district court had jurisdiction to rehear Hausmann's appeal, because the district court had not yet issued the mandate to county courtnor had the county court had any opportunity to take action on any mandate from the district courtas of September 28, 2007, when Hausmann moved for the district court to vacate its previous order.
The Nebraska Supreme Court has subsequently dealt with district court appellate jurisdiction in a different manner without overruling Painter. In In Re Guardianship and Conservatorship of Sim, 233 Neb. 825, 448 N.W.2d 406 (1989), the Supreme Court decided that a district court sitting as an intermediate appellate court could not properly hear a motion for a new trial or rehearing. The Supreme Court's discussion of a motion for new trial in In re Guardianship and Conservatorship of Sim has no bearing on the case before us. But the Supreme Court also addressed a motion for rehearing in the district court and found no "authorization for a motion for rehearing in such circumstances." Id. at 826, 448 N.W.2d at 407. Thus, the Supreme Court held that the motion for rehearing did not toll the time for further appeal.
[5, 6] Subsequently, in State v. Dvorak, 254 Neb. 87, 574 N.W.2d 492 (1998), the Supreme Court decided that a district court sitting as an intermediate appellate court lacked subject matter jurisdiction to hear a motion for reconsideration after the entry of a final order. In Dvorak, the State appealed the county court's order to district court. The district court initially reversed the county court's order. Subsequently, the defendant filed a "motion to reconsider" and the district court reversed its previous decision and affirmed the county court's order. Id. at 89, 574 N.W.2d at 493. The Supreme Court determined that the second order was void and not appealable, because the district court was "divested of jurisdiction" upon issuing the first order. Id. at 90, 574 N.W.2d at 494. The Supreme Court explained that "we do not find any statute or court rule which allows for a rehearing in the district court after the district court has made its ruling subject to § 25-1901." 254 Neb. at 90, 574 N.W.2d at 494. Thus, under Dvorak, once a district court exercising appellate jurisdiction enters a final order disposing of a matter, it loses subject matter jurisdiction. A ruling made in the absence of subject matter jurisdiction is a nullity. Id. We note that an appellate court lacks jurisdiction to hear an appeal from a ruling that is null. See State v. Rieger, 257 Neb. 826, 600 N.W.2d 831 (1999).
Recent decisions of the Nebraska Supreme Court also preclude us from finding appellate jurisdiction by means of treating Hausmann's September 28, 2007, motion as a motion to alter or amend the judgment. In Goodman v. City of Omaha, 274 Neb. 539, 742 N.W.2d 26 (2007), the Nebraska Supreme Court rejected the contention that where the district court was acting as an intermediate appellate court, a motion to alter or amend the judgment, made pursuant to Neb. Rev. Stat. § 25-1329 (Cum. Supp. 2006), tolled the time for taking an appeal to a higher appellate court. Very recently, the Supreme Court reaffirmed the Goodman decision in Timmerman v. Neth, 276 Neb. 585, 755 N.W.2d 798 (2008).
[7] Of course, we must follow the binding precedent of the Nebraska Supreme Court. Vertical stare decisis compels inferior courts to follow strictly the decisions rendered by courts of higher rank within the same judicial system. Pogge v. American Family Mut. Ins. Co., 13 Neb. App. 63, 688 N.W.2d 634 (2004). In the case before us, however, we confront conflicting authority. We are unable to reconcile State v. Painter, 224 Neb. 905, 402 N.W.2d 677 (1987), and Interstate Printing Co. v. Department of Revenue, 236 Neb. 110, 459 N.W.2d 519 (1990), with In re Guardianship and Conservatorship of Sim, 233 Neb. 825, 448 N.W.2d 406 (1989), and State v. Dvorak, 254 Neb. 87, 574 N.W.2d 492 (1998). Painter and Interstate Printing Co. expressly permit a district court sitting as an intermediate appellate court to modify its earlier decisions, while In re Guardianship and Conservatorship of Sim and Dvorak expressly prohibit this. While it would seem sensible that the district court, when it acts as an intermediate appellate court, should have the same ability to reconsider its own decisionsat least during the same term of the district court until the county court has acted on the mandate of the district courtas do the higher appellate courts, we cannot disregard the more recent decisions of the Nebraska Supreme Court which state otherwise.
We conclude that we are constrained to follow In re Guardianship and Conservatorship of Sim and Dvorak, both because they were decided more recently and because the Goodman and Timmerman decisions suggest that the Supreme Court would adhere to the reasoning in In re Guardianship and Conservatorship of Sim and Dvorak. Under In re Guardianship and Conservatorship of Sim and Dvorak, the district court lost subject matter jurisdiction over Hausmann's case once the court entered the September 10, 2007, final order dismissing the appeal. Thus, the October 22 order was a nullity. It necessarily follows that Hausmann did not timely appeal from the September 10 final order and that we cannot hear Hausmann's appeal from the October 22 order because it was a nullity.

CONCLUSION
We dismiss Hausmann's appeal to this court for lack of jurisdiction. The district court lacked subject matter jurisdiction to consider Hausmann's motion for rehearing, and consequently, the October 22, 2007, order from which she attempts to appeal was null and void. Because she did not timely appeal from the district court's final order of September 10, we lack jurisdiction of Hausmann's appeal.
APPEAL DISMISSED.