765 N.W.2d 219 (2009)
277 Neb. 819
STATE of Nebraska, appellee,
v.
Alecia M. HAUSMANN, appellant.
No. S-07-1229.
Supreme Court of Nebraska.
May 22, 2009.
*221 Patrick J. Boylan, Chief Deputy Sarpy County Public Defender, for appellant.
Jon Bruning, Attorney General, and George R. Love for appellee.
HEAVICAN, C.J., CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
Alecia M. Hausmann appealed from her conviction and sentence for being a minor in possession of alcohol, but the Nebraska Court of Appeals dismissed her appeal on jurisdictional grounds.[1] The issue presented in this petition for further review is whether a district court, sitting as an appellate court, has the authority to rehear an appeal.

BACKGROUND
Hausmann was charged by complaint in the county court with being a minor in possession of alcohol, a Class III misdemeanor.[2] Hausmann filed a motion to suppress, which the court overruled. The case proceeded to a bench trial on a stipulated record, preserving the motion to suppress and Hausmann's motion to dismiss for insufficient evidence. Hausmann was convicted of being a minor in possession and sentenced to pay a $250 fine. She appealed to the district court.
On September 10, 2007, the district court entered an order dismissing the appeal, because the record was inadequate for appellate review. The court noted that the county court transcript contained neither an order finding Hausmann guilty nor a sentencing order. And the court noted that Hausmann's praecipe for transcript had not requested those orders. Because the transcript did not contain the final judgment of the county court, the district court dismissed the appeal.
On September 28, 2007, Hausmann moved the district court to vacate the September 10 dismissal and permit the correction of the record through the filing of a supplemental transcript. The district court granted the motion on October 5 and vacated the September 10 dismissal order. On October 9, a supplemental transcript was filed containing the conviction and sentencing orders. On October 22, the district court entered an order affirming Hausmann's conviction and sentence on the merits. On November 21, Hausmann filed her notice of appeal to the Court of Appeals.
The Court of Appeals dismissed Hausmann's appeal as untimely filed. The court reasoned that if the district court lacked jurisdiction to vacate its order of September 10, 2007, then the September 10 order had been final and appealable. If Hausmann's motion to vacate did not toll the time for taking an appeal, then her November 21 notice of appeal was untimely. *222 The Court of Appeals found contradicting authority from this court regarding the district court's jurisdiction to rehear an appeal, but concluded that our more recent authority supported the conclusion that the district court had no power, when sitting as an appellate court, to rehear its decisions.[3]
Thus, the Court of Appeals concluded that the district court lost jurisdiction over the appeal when it entered the September 10, 2007, order. The court determined that the subsequent district court proceedings were a nullity and did not toll the time for Hausmann to file her notice of appeal. The Court of Appeals dismissed Hausmann's appeal,[4] and we granted her petition for further review.

ASSIGNMENT OF ERROR
Hausmann assigns, as restated, that the Court of Appeals erred in concluding it had no appellate jurisdiction.

STANDARD OF REVIEW
A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[5]

ANALYSIS
The issue presented on further review, as discussed above, is whether the district court had jurisdiction to vacate its September 10, 2007, order dismissing Hausmann's appeal and decide the appeal on different grounds. The Court of Appeals found two lines of authority from this court relevant to that issue and was unable to reconcile them.[6]
The Court of Appeals first cited State v. Painter,[7] and Interstate Printing Co. v. Department of Revenue,[8] in which we held that a district court sitting as an intermediate court of appeals has the power to modify its previous final order. In Painter, as in this case, the defendant appealed from a criminal conviction in the county court, and the district court affirmed. But the district court's order misstated the sentences being affirmed, and the district court entered another order correcting the mistake.[9]
On appeal to this court, we rejected the defendant's argument that the district court lacked jurisdiction to enter the second order, noting that the district court was not the sentencing court, but was acting as an intermediate appellate court. We stated that the district court's second order was not an order nunc pro tunc, because it was caused by a misstatement by the judge, but that "[t]here was simply no error in the district court's modifying its earlier order...."[10] We explained that "just as the Supreme Court may, on a motion for rehearing, timely modify its opinion, an intermediate appellate court may also timely modify its opinion."[11]
But in In re Guardianship and Conservatorship of Sim,[12] we found no "authorization *223 for a motion for rehearing in such circumstances" and held that a motion for rehearing did not toll the time for further appeal. And more recently, in State v. Dvorak,[13] we decided that a district court sitting as an intermediate appellate court lacked subject matter jurisdiction to hear a motion for reconsideration after the entry of a final order, explaining that the second order was void and not appealable, because the district court was "divested of jurisdiction" upon issuing the first order. And most recently, in Goodman v. City of Omaha,[14] we held that where the district court was acting as an intermediate appellate court, a motion to alter or amend the judgment[15] did not toll the time for taking an appeal to a higher appellate court.[16]
The Court of Appeals explained that it was unable to reconcile these lines of authority. The court concluded that "[w]hile it would seem sensible that the district court, when it acts as an intermediate appellate court, should have the same ability to reconsider its own decisions ... as do the higher appellate courts," the more recent decisions of this court had concluded otherwise.[17] Thus, the Court of Appeals concluded that Hausmann's appeal was untimely and should be dismissed.
We recognize that this court's conflicting authority placed the Court of Appeals in a difficult position, and we find no fault with the Court of Appeals' conclusion that stare decisis compelled it to abide by its understanding of our more recent decisions. Vertical stare decisis compels lower courts to follow strictly the decisions rendered by higher courts within the same judicial system.[18] But we agree with the Court of Appeals' observation that a district court, acting as an intermediate appellate court, should have the ability to reconsider its own decisions. And we conclude that it does.
To begin with, it is important to clarify the difference between two related, but analytically distinct issues: whether the district court has jurisdiction to rehear an appeal on which a final order has been entered, and whether a motion asking the court to exercise such jurisdiction tolls the time for taking an appeal. The decisions in Goodman and In re Guardianship and Conservatorship of Sim, and the other cases cited above, involved circumstances in which the district court overruled a motion to change its disposition of the appeal.[19] Thus, the district court's power to modify its earlier order was not at issue. Instead, the question in those cases was whether the time for filing a notice of appeal had been tolled by the appellant's motion.
The issue here is different, because in this case, the district court vacated its earlier order and entered a new order disposing of the appeal. There is no question *224 that Hausmann could appeal within 30 days of the district court's new final order, if the court had the power to enter such an order.[20] We held in Dvorak that the court did not have such power.[21] But we conclude that our decision in Dvorak was incorrect.
In Dvorak, the defendant filed an application to set aside her conviction upon completion of her probation.[22] The county court granted the application, but the State appealed. The district court initially entered an order reversing the decision of the county court. But the defendant filed a "motion to reconsider," and the district court sustained that motion and entered another order affirming the county court's order.[23] The State appealed to this court. We held that the district court lacked jurisdiction to enter the second order, explaining that
we do not find any statute or court rule which allows for a rehearing in the district court after the district court has made its ruling.... Just as a motion for new trial does not toll the time for appeal when a district court is acting as an appellate court, neither does a motion to reconsider. As a result, the district court's exercise of subject matter jurisdiction over [the defendant's] motion for reconsideration was without statutory authority. Therefore, we hold that the order [reversing the county court's decision] was the district court's final disposition of the appeal and that the district court was divested of jurisdiction over the matter upon that order.[24]
But our reasoning was erroneous. We conflated whether the defendant's motion was a tolling motion with whether the district court had the power to sustain the motion. The fact that a motion may not toll the time for taking an appeal does not mean that the motion cannot be sustained. And we neglected well-established law distinguishing between the finality of an order for purposes of appeal and the lower court's appellate jurisdiction over the case. It is well established that it is not the entry of a final order or judgment that divests the district court of jurisdiction in such an instance. Rather, a district court sitting as an appellate court is divested of jurisdiction to a higher appellate court when an appeal is perfected,[25] or to the county court when the county court acts upon the mandate issued by the district court.[26] We should not have suggested that the district court's entry of a final order, standing alone, divested the court of jurisdiction.
And fundamentally, we erred in finding no authority for the district court, sitting as an appellate court, to modify its previous order. We overlooked our decisions to the contrary in Painter and Interstate Printing Co.[27] In particular, we overlooked our reasoning in Interstate Printing Co., in which we relied on the district court's inherent power to vacate or modify its judgments or orders, either during the term at which they were made, *225 or upon a motion filed within 6 months of the entry of the judgment or order.[28] And, as noted by the Court of Appeals in this case, our holding in Painter that "an intermediate appellate court may also timely modify its opinion"[29] is consistent with the generally recognized common-law rule that an appellate court has the inherent power to reconsider an order or ruling until divested of jurisdiction.[30]
We are not persuaded by the State's argument that Painter and Interstate Printing Co. are distinguishable from Dvorak, because, according to the State, they involved internally inconsistent orders. Our opinions do not support the State's suggested distinction. In Dvorak, we did not cite our earlier decisions on this issue, much less expressly distinguish them. In Painter, the order of affirmance that the district court corrected was not defective or voidit was simply incorrect.[31] And similarly, in Interstate Printing Co., we specifically said that the court had acted to correct a "judicial error."[32] In other words, contrary to the State's argument, our decisions in Painter and Interstate Printing Co. rested on the well-established rule that an appellate court has the inherent power to reconsider its own rulings.
And that rule makes sense. Judicial efficiency is served when any court, including an intermediate appellate court, is given the opportunity to reconsider its own rulings, either to supplement its reasoning or correct its own mistakes.[33] We conclude that Painter and Interstate Printing Co. represent correct statements of the law, and reaffirm our holding in those cases that while an intermediate appellate court still has jurisdiction over an appeal, it has the inherent power to vacate or modify a final judgment or order.[34] We emphasize, however, that in the absence of an applicable rule to the contrary, a motion asking the court to exercise that inherent power does not toll the time for taking an appeal.[35] A party can move the court to vacate or modify a final orderbut if the court does not grant the motion, a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it.[36] And if an appeal is perfected before the motion is ruled upon, the district court loses jurisdiction to act.[37]
Dvorak is inconsistent with *226 that holding.[38] While the doctrine of stare decisis is entitled to great weight,[39] it is grounded in the public policy that the law should be stable, fostering both equality and predictability of treatment.[40] Overruling precedent is justified, however, when the purpose is to eliminate inconsistency.[41] And remaining true to an intrinsically sounder doctrine better serves the values of stare decisis than following a more recently decided case inconsistent with the decisions that came before it.[42] Therefore, State v. Dvorak is disapproved.[43]
As noted above, a district court acting as an intermediate appellate court is divested of jurisdiction either when an appeal to a higher appellate court is perfected or when a lower court acts upon the district court's mandate. In this case, obviously, no appeal had been perfected from the district court's September 10, 2007, order. And on an appeal from the county court, the district court is to issue a mandate within 2 judicial days after the decision of the district court becomes final; that is, within 2 judicial days after the 30-day appeal time from the court's decision has run.[44] In this case, the district court vacated the September 10 order on October 5, before it had become finalobviously, a mandate had neither issued nor been acted upon by the county court.
The record establishes that at the time it vacated the September 10, 2007, order, the district court still had jurisdiction to exercise its inherent power, as an intermediate appellate court, to vacate its previous ruling. And Hausmann timely appealed within 30 days of the district court's October 22 order.[45] Therefore, we find merit to Hausmann's assignment of error on further review.
We recognize that upon reversing a decision of the Nebraska Court of Appeals, we may consider, if appropriate, some or all of the assignments of error that the Court of Appeals did not reach.[46] In this case, however, the Court of Appeals did not proceed past the jurisdictional issue presented, and neither of the State's briefs has discussed the underlying merits of the appeal. We conclude that those issues should be briefed by the State and addressed by the Court of Appeals in the first instance.

CONCLUSION
The decision of the Court of Appeals is reversed, and the cause remanded to the Court of Appeals for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
WRIGHT, J., participating on briefs.
NOTES
[1] State v. Hausmann, 17 Neb.App. 195, 758 N.W.2d 54 (2008).
[2] See Neb.Rev.Stat. §§ 53-180.02 and 53-180.05 (Reissue 2004).
[3] See Hausmann, supra note 1.
[4] See id.
[5] Dominguez v. Eppley Transp. Servs., 277 Neb. 531, 763 N.W.2d 696 (2009).
[6] See Hausmann, supra note 1.
[7] State v. Painter, 224 Neb. 905, 402 N.W.2d 677 (1987).
[8] Interstate Printing Co. v. Department of Revenue, 236 Neb. 110, 459 N.W.2d 519 (1990).
[9] Painter, supra note 7.
[10] Id. at 912, 402 N.W.2d at 682.
[11] Id. at 912, 402 N.W.2d at 681.
[12] In re Guardianship and Conservatorship of Sim, 233 Neb. 825, 826, 448 N.W.2d 406, 407 (1989).
[13] State v. Dvorak, 254 Neb. 87, 90, 574 N.W.2d 492, 494 (1998).
[14] Goodman v. City of Omaha, 274 Neb. 539, 742 N.W.2d 26 (2007).
[15] See Neb.Rev.Stat. § 25-1329 (Reissue 2008).
[16] Goodman, supra note 14. Accord Timmerman v. Neth, 276 Neb. 585, 755 N.W.2d 798 (2008). See, also, e.g., Hueftle v. Northeast Tech. Community College, 242 Neb. 685, 496 N.W.2d 506 (1993); Collection Bureau of Lincoln v. Loos, 233 Neb. 30, 443 N.W.2d 605 (1989); State v. Deutsch, 2 Neb.App. 186, 507 N.W.2d 681 (1993).
[17] Hausmann, supra note 1, 17 Neb.App. at 202, 758 N.W.2d at 59.
[18] See Pogge v. American Fam. Mut. Ins. Co., 13 Neb.App. 63, 688 N.W.2d 634 (2004).
[19] See, Timmerman, supra note 16; Goodman, supra note 14; Hueftle, supra note 16; In re Guardianship and Conservatorship of Sim, supra note 12; Deutsch, supra note 16.
[20] See, Interstate Printing Co., supra note 8; Neb.Rev.Stat. § 25-1912 (Reissue 2008).
[21] See Dvorak, supra note 13.
[22] See Neb.Rev.Stat. § 29-2264 (Reissue 2008).
[23] See Dvorak, supra note 13, 254 Neb. at 89, 574 N.W.2d at 493.
[24] Id. at 90, 574 N.W.2d at 494.
[25] See Billups v. Scott, 253 Neb. 293, 571 N.W.2d 607 (1997).
[26] See State v. Bracey, 261 Neb. 14, 621 N.W.2d 106 (2001).
[27] See, Interstate Printing Co., supra note 8; Painter, supra note 7.
[28] See, Interstate Printing Co., supra note 8; Neb.Rev.Stat. § 25-2001(1) (Reissue 2008).
[29] Painter, supra note 7, 224 Neb. at 912, 402 N.W.2d at 681.
[30] See, generally, 5 C.J.S. Appeal and Error § 1113 (2007). See, e.g., Miss. State Highway Comm. v. Herring, 241 Miss. 729, 133 So.2d 895 (1961); Folding Furniture Works v. Wisconsin L.R. Board, 232 Wis. 170, 286 N.W. 875 (1939).
[31] Painter, supra note 7.
[32] Interstate Printing Co., supra note 8, 236 Neb. at 115, 459 N.W.2d at 523.
[33] Cf., Houston v. Metrovision, Inc., 267 Neb. 730, 677 N.W.2d 139 (2004); Mid City Bank v. Omaha Butcher Supply, 222 Neb. 671, 385 N.W.2d 917 (1986); State v. Archbold, 217 Neb. 345, 350 N.W.2d 500 (1984); State v. Lytle, 194 Neb. 353, 231 N.W.2d 681 (1975).
[34] See, Interstate Printing Co., supra note 8; Painter, supra note 7.
[35] See, Timmerman, supra note 16; Goodman, supra note 14; Hueftle, supra note 16; In re Guardianship and Conservatorship of Sim, supra note 12; Deutsch, supra note 16. Compare Interstate Printing Co., supra note 8 (holding when judgment is amended, time for appeal runs from entry of amended judgment).
[36] See, id.; § 25-1912.
[37] See Billups, supra note 25.
[38] See Dvorak, supra note 13.
[39] See Bronsen v. Dawes County, 272 Neb. 320, 722 N.W.2d 17 (2006).
[40] See Metro Renovation v. State, 249 Neb. 337, 543 N.W.2d 715 (1996) (Connolly, J., concurring in result), disapproved on other grounds, State v. Nelson, 274 Neb. 304, 739 N.W.2d 199 (2007).
[41] See, e.g., State v. Gautier, 871 A.2d 347 (R.I.2005); Ex parte Townsend, 137 S.W.3d 79 (Tex.Crim.App.2004); Newman v. Erie Ins. Exchange, 256 Va. 501, 507 S.E.2d 348 (1998); Mayhew v. Mayhew, 205 W.Va. 490, 519 S.E.2d 188 (1999).
[42] Mayhew, supra note 41.
[43] See Dvorak, supra note 13.
[44] See, Neb.Rev.Stat. § 25-2733 (Cum. Supp. 2006); State v. Beyer, 260 Neb. 670, 619 N.W.2d 213 (2000).
[45] See Interstate Printing Co., supra note 8.
[46] Incontro v. Jacobs, 277 Neb. 275, 761 N.W.2d 551 (2009).