FREDERICK A. HARMAN, PLAINTIFF IN ERROR, V. AARON G. BARHYDT, ET AL., DEFENDANTS IN ERROR.

|  |  |
|---|---|
| 20 | 625 |
| 33 | 273 |
| 20 | 625 |
| 40 | 897 |
| 41 | 691 |
| 20 | 625 |
| 43 | 493 |
| 20 | 625 |
| 45 | 661 |
| 20 | 625 |
| 49 | 385 |
| 55 | 688 |

1. **Replevin by Mortgagee:** INTERVENTION OF ASSIGNEE. One to whom certain notes secured by chattel mortgage were assigned, is entitled to intervene in an action of replevin brought by the mortgagee to recover possession of the goods.

2. **Parties:** INTERVENORS: FINAL ORDER. An order overruling a petition to intervene in an action, is, so far as the proposed intervenor is concerned, a final order, and reviewable on error.

3. **Mortgage:** ASSIGNMENT OF PORTION OF NOTES. Where one C. executed a number of promissory notes to B. and secured the same by a chattel mortgage on certain furniture, B. transferred a portion of the notes, either absolutely or as collateral security to one H., *Held,* That the transfer of the notes was an assignment *pro tanto* of the mortgage.

ERROR to the district court for Cass county. Tried below before HAYWARD, J.

*Crites & Ramsey,* for plaintiff in error.

*Chapman & Polk,* and *M. A. Hartigan,* for defendants in error.

40

MAXWELL, CH. J.

In June, 1885, the defendant Coverdale executed and delivered to Barhydt a chattel mortgage upon certain household furniture, to secure the payment of nine promissory notes, which will be referred to hereafter. The mortgage contained the following provision : "And I, the said Thomas Coverdale, do hereby covenant and agree to and with the said A. G. Barhydt, that in case of default made in the payment of the above mentioned promissory notes or any of them, or in case of my attempting to dispose of or remove from said county of Cass and city of Plattsmouth the aforesaid goods and chattels or any part thereof, or in case the mortgagee shall at any time deem himself unsafe, then and in that case it shall be lawful for said mortgagee or his assignors by himself or agent to take immediate possession of said goods and chattels   *   *   *   *   and sell the same at public auction."

On March 5th, 1886, Barhydt filed an affidavit and petition in replevin in the county court of Cass county, to recover possession of the mortgaged property. The goods were taken under the order of replevin, but as they were appraised by the sheriff and two appraisers at the sum of $3,275, the cause was certified to the district court, where on the 25th day of April, 1886, Harman filed a petition to intervene and supported the same by an affidavit as follows :

"Frederick A. Harman, being duly sworn, on oath deposes and says, that on or about the 22d day of June, A.D. 1885, the above named defendant executed and delivered to said plaintiff the chattel mortgage exhibited in the petition or affidavit for replevin herein, for the purpose of securing the payment of nine several promissory notes of the defendant to said plaintiff of even date with said mortgage, as follows: One for $100 due in thirty days, one for $100 due in sixty days, one for $100 due in ninety days, one for

$100 due in four months, one for $100 due in five months, one for $100 due in six months, one for $1,600 due in one year, one for $2,200 due in two years, and one for $2,100 due in three years after date.

"That on or about the 4th day of February, A.D. 1886, the said plaintiff for a valuable consideration sold, endorsed, and delivered to this affiant two of the above named prom-issory notes, to-wit: One for $2,200 due in two years and one for $2,100 due in three years after date, and this affiant is now in good faith the owner and holder thereof; that no part of the same, either of principal or interest, has ever been paid; that as affiant is advised by counsel learned in the law, the said assignment and delivery of said notes to him as aforesaid operated as a transfer and assignment to him of a ratable proportion of the security for the payment of said notes created by said chattel mortgage, and this affiant avers that said plaintiff did then and there and thereby assign, transfer, and set over to this affiant such a proportion of said mortgage as is represented by the pro-portion the face of said affiant's said notes bears to the face value of all of the above mentioned notes which still remain unpaid. Affiant is informed and verily belives, and there-fore alleges, that all of the notes secured by said chattel mortgage have been paid except one for $1,600, due in one year, and the two so assigned and delivered to this affiant; that said plaintiff is insolvent and has no property liable to seizure. This affiant now here elects under the clause contained in said chattel mortgage to declare his said prom-issory notes now due and payable, and to make operative the powers of sale therein contained."

Coverdale filed an answer in the replevin action, denying the facts stated in the petition.

Barhydt filed an affidavit, as follows: "Aaron G. Bar-hydt, being first duly sworn, deposes and says that he is the plaintiff in the above entitled action; that he resides in Plattsmouth, Nebraska, and is the owner of the furniture

and of the hotel in said city known as the Perkins House; that he is the occupant of said hotel under and by authority of a written lease from F. F. Guthman, the at that time owner of said building; that the statement of the said Harman in said affidavits that said notes for $2,200 and $2,100 were sold, endorsed, and delivered to him (Harman) for a valuable consideration, is false and untrue; that the two said notes were left with said Harman as collateral for whatever sum he might be found owing to said Harman on the footing up of the firm books of A. G. Barhydt & Co.; that said arrangement was made soon after the fire which consumed and destroyed their stores and goods; that at that time it was not definitely known just what was due said Harman upon the store account of said Barhydt, but the books will show that there is less than $100 due said Harman from said Barhydt; that in regard to the $1,600 note, about the 8th day of January, 1886, the firm of A. G. Barhydt & Co. were overdrawn at the Saline county bank of DeWitt about $300, that several bills would be due in a short time, and in order to meet them the said firm borrowed $800 of the said bank, giving the firm note therefor, and that for additional security affiant placed the said $1,600 Coverdale note in the hands of said bank as collateral for said firm loan; that on the afternoon of the day on which the fire—Feb. 2d, 1886—occurred, affiant assigned to said bank over $1,500 worth of good accounts to pay up the indebtedness of said firm; that on the 3d day of February, 1886, the firm of A. G. Barhydt & Co. was dissolved by mutual consent, said Harman assuming all liabilities of the firm; that about two weeks ago Harman came to Plattsmouth in order to get affiant to sign some insurance papers, which affiant refused to do until said notes held by Harman and the note held by said bank were returned to him; that Harman did not claim said paper, but said he set no store by the Coverdale notes and would turn them over to affiant or his attorneys any time he would sign the insurance

papers; that the note held by the bank he had nothing to do with; that it was put up as collateral and he would have to pay cash in order to get the note; that exhibit 'A' hereto attached is a true and correct copy of one of the Coverdale notes secured by mortgage mentioned in affidavit of Harman; that said note is in possession of affiant and is wholly unpaid; that exhibit 'B' hereto attached is a true copy of a receipt given by said Harman for the two Coverdale notes heretofore mentioned; that affiant is not insolvent but is possessed of moneys, credits, property, over and above any indebtedness he may have.

"EXHIBIT 'A.'

"$100.      PLATTSMOUTH, NEB., June 22, 1885.

"Six months after date we jointly and severally promise to pay to the order of A. G. Barhydt, one hundred and no dollars, for value received, with interest at the rate of ten per cent per annum from date until paid. And if collected by suit we hereby agree to pay reasonable attorney's fees, and consent that the same shall be taxed as costs and entered up as a part of the judgment.

"Negotiable and payable at the First National Bank of Plattsmouth.

"(Signed.)                          T. COVERDALE."

"EXHIBIT 'B.'

"DEWITT, NEB., Feb. 3d, 1886.

"Received of A. G. Barhydt, as collateral to any indebtedness F. A. Harman may have or will have against A. G. Barhydt, the following notes secured by chattel mortgage: one note for twenty-two hundred dollars, dated June 22d, 1885, due two years after date, signed by T. Coverdale; one for twenty-one hundred dollars, dated June 22d, 1885, due three years after date, signed by T. Coverdale; each of the above notes bearing interest at the rate of ten per cent from date.

"(Signed)                          F. A. HARMAN."

There was also the affidavit of M. D. Polk, in substance that Barhydt in his presence " demanded of said Harman his two Coverdale notes, together with the $1,600 note held by the bank at Wilber, as a condition precedent to Barhydt's signing some insurance papers, so that the loss really sustained by A. G. Barhydt & Co. might be promptly paid to Harman."   *   *   *   "Harman furthermore stated that he only took the Coverdale notes as collateral," etc.

On the 30th of April, 1886, the court overruled the application of Harman to intervene, to which he excepted, and now brings the cause into this court by petition in error.

The attorneys for Barhydt claim that as there is no final order and that a judgment has not been rendered in the action, this proceeding in error is premature.  An order in the progress of an action, to be final, must be such as determines the action and prevents a judgment.  *Hobbs v. Beckwith*, 6 O. S., 252.  An order affecting a substantial right, made in a special proceeding, is a final order. *Powers v. Reed*, 19 O. S., 189.   *Turpin v. Coates*, 12 Neb., 321.

In the case last cited, the discharge of a garnishee before judgment was held to be a final order, and subject to review on error before judgment, citing *Watson v. Sullivan*, 5 O. S., 43.   The reason is, the discharge of the garnishee would deprive the plaintiff of the lien acquired by his attachment upon the moneys and credits in the hands of the garnishee, and thereby deprive him of a substantial right. So in the case at bar, Harman had some interest in the goods in question and some right to the possession apparently.   The extent of that right is a question for the jury; but sufficient was shown *prima facie* to entitle him to intervene to protect his right in the premises.   *Taylor v. Adair*, 22 Iowa, 279.   *Summers v. Hutson*, 48 Ind., 228. *Stich v. Dickinson*, 38 Cal., 608.   *Carter v. Mills*, 30 Mo., 432.

The provision of the code in relation to intervention is, like all other provisions, to be liberally construed, with a view to promote its object and assist the parties in obtaining justice.

Whether Harman took the notes in question absolutely, or as collateral security, can make no difference so far as his right to protect his interest in the property is concerned. A transfer of notes secured by mortgage is a transfer of the mortgage *pro tanto*. *Studebaker Manfg. Co. v. McCargur, ante* p. 501, and cases cited. Harman therefore had an equitable assignment of so much of the chattel mortgage in question as was necessary to secure the notes held by him, and should have been permitted to protect that interest. The court therefore erred in excluding him. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.