WILLIAM P. HESS, APPELLANT, V. FREDERICK HESS, APPELLEE.

FILED FEBRUARY 8, 1907.   No. 14,617.

1. Justice of the Peace: JUDGMENT ON SET-OFF: APPEAL: DISMISSAL. Upon appeal to the district court from a judgment against a plaintiff upon a set-off rendered in a justice of the peace court, the plaintiff cannot defeat the judgment by a dismissal of his action.

2. ———: APPEAL: DEFAULT. Under the provisions of section 1011 of the code, a district court may render a judgment against a plaintiff in favor of a defendant for the amount recovered by the latter against the former in the lower court, without notice, when plaintiff fails to file his petition as required by the statute.

APPEAL from the district court for Gage county: WILLIAM H. KELLIGAR, JUDGE.   *Affirmed.*

*L. W. Colby,* for appellant.

*E. O. Kretsinger, contra.*

EPPERSON, C.

Plaintiff sued the defendant in a justice of the peace court to recover a small amount due on a book account. The defendant pleaded a set-off.   Upon trial, defendant recovered a judgment against plaintiff for $75.   Plaintiff filed an appeal bond and caused a transcript of the proceedings had before the justice to be filed in the district court on December 30, 1904.   On May 29, 1905, plaintiff's attorney moved for a dismissal of the action, without prejudice to the rights of the plaintiff.   Thereupon the court entered the following order: "It is therefore considered by the court that the above entitled action be, and the same is hereby, dismissed without prejudice, and that the defendant recover of and from the plaintiff herein the costs of this suit herein expended taxed at the sum of $19.25, with the complete record waived."

The question here presented is whether or not the plaintiff can, by proceeding as above, defeat the judgment obtained against him by the defendant in the justice of the peace court. Section 431 of the code provides: "In any case where a set-off or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed the action or failed to appear." Plaintiff failed to file his petition on appeal as provided by statute, and, upon the application of defendant, the district court entered a judgment under section 1011 of the code, which provides, in part, as follows: "If the plaintiff in the action before the justice shall appeal from any judgment rendered against such plaintiff, and after having filed his transcript and caused such appeal to be docketed according to the provisions of this chapter, shall fail to file his petition within twenty days thereafter, unless the court, on good cause shown, shall otherwise order or otherwise neglect to prosecute the same to final judgment, the said plaintiff shall become nonsuited, and it shall be the duty of said court to render judgment against such appellant for the amount of the judgment rendered against him by the justice, together with interest accrued thereon, and for costs of suit, and to award execution therefor, as in other cases."

Plaintiff alleges error in that no notice was served upon him of defendant's application for judgment. He was not entitled to notice. Defendant's right to the judgment in such case arose by reason of plaintiff's default, and by operation of the statute. The court could have rendered such judgment had no application therefor been made.

We find no error in the judgment of the district court, nor in its order overruling a motion to set the same aside, and we recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.