PEP SINTON, INC., A CORPORATION, DOING BUSINESS AS MOTOR CITY, APPELLEE, v. JAMES W. THOMAS ET AL., APPELLANTS.

118 N. W. 2d 621

Filed December 14, 1962. No. 35226.

E. D. Warnsholz, for appellants.

Leonard Dunker and Perry & Perry, for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

On June 30, 1958, plaintiff and appellee Pep Sinton, Inc., a corporation, commenced this action in replevin in the municipal court of the city of Lincoln, Lancaster County, Nebraska, against the defendants and appellants James W. Thomas and Ethel I. Thomas.

Plaintiff's affidavit in replevin sought possession of a television set and other household appliances, or the value thereof, by reason of special interest arising under a chattel mortgage securing a note originally in the sum of $1,898.70, upon which a balance of $320.69 was alleged to be due and unpaid. The defendants by counterclaim alleged the note and mortgage were null and void because of usury and prayed for a judgment of $1,610 and interest, the amount credited and paid thereon by reason of the sale of a "Simca" automobile purchased by the defendants from plaintiff and originally included in the same chattel mortgage. Answering the counterclaim, plaintiff alleged the issue in regard to usury had been previously adjudicated adversely to defendants' contention by the district court for Lancaster County, Nebraska, in an action brought by the defendants, as plaintiffs therein, subsequent to bringing the replevin action which sought to enjoin the municipal court from proceeding in the replevin suit.

The municipal court found against the plaintiff and in favor of the defendants on their counterclaim and entered judgment for the defendants in the amount of $1,887.70 and costs.

From the judgment of the municipal court the plaintiff appealed to the district court for Lancaster County, Nebraska, giving bond and filing the transcript within the proper time as provided by law. It however did not file a petition in district court within 50 days from the rendition of judgment in the municipal court on November 12, 1960.

On January 9, 1961, the defendants filed a special appearance challenging the jurisdiction of the district court over their persons because the plaintiff's petition was not on file. On January 13, 1961, the plaintiff filed a motion for leave to file its petition in replevin instanter. On January 18, 1961, the district court overruled defendants' special appearance and after a hearing thereon entered an order overruling the plaintiff's motion to file its petition out of time. From this order plaintiff neither appealed nor filed a motion for new trial. On January 19, 1961, the defendants by motion sought an order nonsuiting plaintiff and awarding judgment against it for the amount rendered by the municipal court, with interest.

At a subsequent term of the district court which commenced on January 23, 1961, the plaintiff, on February 14, 1961, made a second application to file its petition in the district court, setting up matters alleged in its former motion with some additional ones, and further elaborating thereon. No reference was made to the previous order overruling the first motion to file the petition. On the same day a hearing was had thereon and, over objections of the defendants, oral testimony was again taken with respect thereto.

On March 9, 1961, the court entered an order overruling the motion of defendants to nonsuit the plaintiff on condition the defendants' attorney be allowed $100 as attorney's fees to be taxed as costs, and permitting the plaintiff to file its petition within 10 days if $100 was paid in the meantime, otherwise the appeal was to stand dismissed. The $100 was paid and pleadings were filed

presenting the same issues as those tried in the municipal court.

On November 6, 1961, the defendants filed a motion to dismiss the plaintiff's petition in replevin, stating the order of January 18, 1961, was a final order and could not be set aside or modified by a new order at a subsequent term of court except as provided by law.

The court overruled defendants' motion and proceeded to trial. It permitted the plaintiff to dismiss its petition without prejudice and a hearing was had to the court alone on the plea of res judicata made by the plaintiff to defendants' cross-petition. It found for the plaintiff thereon and rendered judgment dismissing the plaintiff's action in replevin without prejudice, and the defendants' cross-petition with prejudice, and directing a mandate issue to the municipal court reversing that court's judgment and disposing of the matter in accordance with the judgment.

The defendants filed a motion for new trial and from the order overruling it they have appealed to this court.

Defendants have made a number of assignments of error but in view of our decision only the following need be considered. The court erred in overruling defendant's motion to nonsuit plaintiff filed on the 19th day of January 1961; in entertaining, over defendants' objection, plaintiff's second application to file its petition out of time; and in overruling defendants' motion to dismiss plaintiff's petition in replevin filed on November 6, 1961.

The consideration of the questions involved turns on the construction and application of section 26-1,110, R. R. S. 1943. The applicable portion thereof reads as follows: "* * * if the plaintiff in the action in the municipal court shall appeal from any judgment rendered, against such plaintiff, and after having filed his transcript and caused such appeal to be docketed according to the provisions of sections 26-1,104 to 26-1,117, shall fail to file his petition within fifty days from the date of the rendition of such judgment by the municipal court,

unless the court, on good cause shown, shall otherwise order, or otherwise neglect to prosecute to final judgment, the said plaintiff shall become nonsuited; and it shall be the duty of said court to render judgment against such appellant for the amount of the judgment rendered against him by the municipal court together with interest accrued thereon and for costs of suits, and to award execution therefor." This section has apparently never been construed by this court but it is substantially the same as the statute governing appeals from judgments in justice court. §§ 27-1306 and 27-1307, R. R. S. 1943. In the case of Rice v. McGrath, 162 Neb. 511, 76 N. W. 2d 428, this court in a replevin case where the appeal was from the judgment of the county court in favor of the plaintiff, affirmed the judgment of the trial court in denying the application of the plaintiff to file his petition out of time. The evidence before the district court in the cited case is outlined in that opinion and this court held the district court did not abuse its discretion in refusing to grant the plaintiff the right to file his petition and sustained the trial court in permitting the defendant to proceed with his case and prove the wrongful taking and his damages because thereof. In Hess v. Hess, 78 Neb. 347, 110 N. W. 999, the plaintiff in justice court appealed from a judgment against him on defendant's set-off. The plaintiff sought and procured an order to dismiss the action without prejudice. Upon application of the defendant without notice to plaintiff, the district court entered judgment under a similar statute. In affirming the judgment this court stated: "Plaintiff alleges error in that no notice was served upon him of defendant's application for judgment. He was not entitled to notice. Defendant's right to the judgment in such case arose by reason of plaintiff's default, and by operation of the statute. The court could have rendered such judgment had no application therefor been made."

In the case of In re Estate of Lindekugel, 148 Neb. 271,

27 N. W. 2d 169, this court stated the following rule: "When the plaintiff fails to file a petition on appeal in the district court within 50 days from the date of the rendition of the judgment in the lower court, or at any time thereafter, and good cause is not shown for failure for so doing, upon motion to nonsuit the plaintiff for such failure and no competent evidence appearing in the record to show good cause, this court will not presume such fact, and, under the circumstances, the trial court is not in error in sustaining the motion."

In the opinion last cited there is a discussion of several cases involving the failure to file a petition on time in an appeal from a judgment in justice court. From the cases cited, and the clear and unambiguous provisions of section 26-1,110, R. R. S. 1943, we believe the following rules are applicable to the case before us. The plaintiff appealing to the district court from a judgment rendered in municipal court in favor of the defendant therein must file his petition on appeal within 50 days from the date of the rendition of judgment in the municipal court unless the district court for good cause shown shall otherwise order. If the plaintiff in such a case fails to file his petition within the prescribed time and the district court by order overrules his motion to file the same out of time after a hearing, it is the duty of the district court on motion of the defendant to enter judgment against the plaintiff, as provided by section 26-1,110, R. R. S. 1943, unless the order is vacated or modified according to law.

The plaintiff urges the evidence offered in support of the motion and application was sufficient to authorize the trial court to permit the filing of its petition out of time. The defendants contend that the order of January 19, 1961, overruling plaintiff's motion to file its petition out of time was a final order from which no appeal or motion for new trial was taken and that consequently it could not be changed, modified, or vacated by any order made at a subsequent term. If such is true this

court cannot consider the evidence that was the basis of the trial court's order. The plaintiff maintains that the order was interlocutory only.

A final order is defined by section 25-1902, R. R. S. 1943, as follows: "An order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, is a 'final order' which may be vacated, modified or reversed, as provided in this chapter."

In Steele v. Haynes, 20 Neb. 316, 30 N. W. 63, an order overruling an application to set aside a default was held to be a final order; and in Harman v. Barhydt, 20 Neb. 625, 31 N. W. 488, an order refusing to permit the filing of a petition in intervention was determined to be a final order. In Ribble v. Furmin, 71 Neb. 108, 98 N. W. 420, this court held: "An order of a county court refusing an application to file a claim against an estate, because presented after the expiration of the time allowed for presenting claims, is a final order from which an appeal to the district court will lie." It is obvious that an order refusing to file a belated claim ends the claimant's rights. It is equally apparent under the appeal statute involved and the cited cases interpreting it that the failure of the plaintiff to file his petition ends his rights to maintain his appeal and subjects him to being nonsuited. Either order is "an order affecting a substantial right in an action" and "in effect determines the action" and as far as the plaintiff is concerned "prevents a judgment" within the meaning of section 25-1902, R. R. S. 1943. We conclude that an order of the district court overruling a motion of the plaintiff to file a petition on appeal from the municipal court after the expiration of 50 days from the judgment rendered therein, as provided in section 26-1,110, R. R. S. 1943, is a final order.

In Meier v. Nelsen, 156 Neb. 666, 57 N. W. 2d 273, this court held: "After the final adjournment of the term

of court at which a judgment has been rendered the court has no authority or power to modify the judgment except for the reasons stated and within the time limited in section 25-2001, R. R. S. 1943."

The trial court having overruled the motion of the plaintiff to file its petition on appeal and that being a final order, it could not be vacated or modified at a subsequent term by a simple hearing of another application seeking the same relief. No steps having been taken to appeal from the order or for a new trial thereon, there is nothing before us with respect to that order.

The filing of a petition on appeal being essential to the maintenance of the plaintiff's appeal, it follows that the motion of the defendants to nonsuit the plaintiff and to enter judgment for the amount adjudged due the defendants in the municipal court with interest, as provided by section 26-1,110, R. R. S. 1943, should have been sustained and judgment rendered in the district court accordingly.

The judgment of the district court is reversed and the cause remanded with directions to enter judgment in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.