SUE R. ANDERSEN, APPELLEE, V. AMERICAN FAMILY MUTUAL
INSURANCE COMPANY, APPELLANT.

542 N.W.2d 703

Filed January 26, 1996.   No. S-94-145.

Jeffrey H. Jacobsen and Timothy M. Welsh, of Jacobsen, Orr, Nelson, Wright, Harder & Lindstrom, P.C., for appellant.

Dale A. Romatzke, of Ross, Schroeder, Brauer & Romatzke, for appellee.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

American Family Mutual Insurance Company (AFI) appeals an order of the district court for Buffalo County denying AFI's motion to amend a November 30, 1993, journal entry or, in the alternative, for an order nunc pro tunc. We affirm the holding of the district court.

## FACTS

Sue R. Andersen brought this action against AFI under both

the uninsured and underinsured motorist coverage of her AFI automobile insurance policy for injuries she received in a motor vehicle accident that occurred in Arizona.

In its answer to Andersen's petition, AFI raised several affirmative defenses. After a pretrial hearing, the district court held, as a matter of law, that AFI's affirmative defense claims were without merit. This case then proceeded to trial only on the issue of damages.

On November 29, 1993, a jury returned a $12,893.30 verdict in favor of Andersen. On November 30, the trial court entered judgment accordingly and taxed litigation costs to AFI. The trial court also found that pursuant to a stipulation of the parties, AFI was entitled to a $15,000 credit against the judgment. The stipulation was based upon a prior settlement under which Andersen received $15,000 from the driver of the vehicle involved in the Arizona accident. The jury verdict and the court's ruling were memorialized in the November 30 journal entry, which was signed by the trial judge.

On January 13, 1994, the trial court, on Andersen's motion, ordered AFI to pay Andersen $5,000 for attorney fees.

On January 31, 1994, AFI filed a motion to amend the trial court's November 30, 1993, journal entry or for an order nunc pro tunc. In its motion, AFI asked the court to amend the journal entry by substituting for it a proposed journal entry that was attached to its motion. AFI's proposed journal entry would have had the trial court enter judgment in favor of AFI and against Andersen, whereas the jury verdict and the November 30 journal entry were in favor of Andersen and against AFI.

Both Andersen's motion for a new trial, filed December 6, 1993, and AFI's January 31, 1994, motion to amend or for a nunc pro tunc order in regard to the November 30, 1993, journal entry were overruled by the trial court in an order dated January 31, 1994. On February 8, AFI appealed from the trial court's January 31 order. Andersen did not appeal or cross-appeal the overruling of her motion for a new trial.

## ASSIGNMENTS OF ERROR

AFI claims that the trial court erred in (1) determining that Arizona law controlled the insurance contract, (2) failing to find

that Andersen was precluded from recovering from AFI, (3) awarding attorney fees to Andersen, and (4) awarding excessive attorney fees to Andersen.

## ANALYSIS

Initially, we consider whether this court has jurisdiction to consider AFI's assigned errors. None of the assigned errors pertain to the January 31, 1994, trial court order from which AFI appeals. AFI apparently seeks to use the denial of its motion to amend or for an order nunc pro tunc to gain appellate review of the November 30, 1993, trial court order. This AFI is not permitted to do. AFI's motion to amend or for an order nunc pro tunc, with respect to the November 30, 1993, journal entry, was filed and ruled upon on January 31, 1994, well beyond the deadline for filing an appeal from the November 30 journal entry. See Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1994).

Because AFI's assignments of error are not properly before this court, we address only whether the trial court erred in denying AFI's January 31, 1994, motion to amend the trial court's journal entry or for an order nunc pro tunc.

### AFI's MOTION TO AMEND

The January 31, 1994, motion filed by AFI asked the trial court to amend a November 30, 1993, journal entry. As such, AFI's motion was not filed in the same term of court as the journal entry which AFI asked the trial court to amend. Unless otherwise provided by order of the district court, a term of court begins on January 1 of a given year and ends on December 31 of that same year. *In re Estate of Weinberger*, 207 Neb. 711, 300 N.W.2d 818 (1981). We have found nothing in the record to reflect that the trial court fixed a different term of court than provided in *In re Estate of Weinberger*.

After the final adjournment of the term of court at which a judgment has been rendered, the court has no authority or power to modify the judgment except for the reasons stated and within the time limited in Neb. Rev. Stat. § 25-2001 (Reissue 1989). See *Meier v. Nelsen*, 156 Neb. 666, 57 N.W.2d 273 (1953). Section 25-2001 provides for nine independent reasons for which a district court can modify its own judgments or

orders after the term at which such judgments or orders were made. However, none of those reasons are present in the case at bar. Therefore, at the time of AFI's motion to amend the November 30, 1993, journal entry, the trial court was without authority to modify its judgments rendered at a prior term.

### MOTION FOR ORDER NUNC PRO TUNC

When considered as a motion for an order nunc pro tunc, AFI's motion lacks merit. The office of an order nunc pro tunc is to correct a record which has been made so that it will truly record the action had, which, through inadvertence or mistake, was not truly recorded. *Interstate Printing Co. v. Department of Revenue*, 236 Neb. 110, 459 N.W.2d 519 (1990). AFI's motion made no attempt to show that the trial court's November 30, 1993, journal entry did not truly reflect the action taken by the jury or by the trial court on November 30. Our review of the record reveals no evidence that the trial court's November 30 journal entry did not correctly reflect the court's action at that time.

AFI essentially asked the trial court to set aside a judgment actually rendered and enter judgment in favor of AFI notwithstanding the jury verdict in favor of Andersen. It is not the function of an order nunc pro tunc to change or revise a judgment or order, or to set aside a judgment actually rendered, or to render an order different from the one actually rendered, even though such order was not the order intended. *Id.* The true purpose of a nunc pro tunc order is not for the purpose of correcting some affirmative action of the court which ought to have been taken, but its true purpose is to correct the record which has been made so that it will truly record the action really had, but which, through some inadvertence or mistake, has not been truly recorded. *Andrews v. Nebraska State Railway Commission*, 178 Neb. 799, 135 N.W.2d 712 (1965). In the case at bar, AFI was attempting to correct an affirmative action by the trial court, which is not the purpose of a nunc pro tunc order. Therefore, the trial court did not err in overruling AFI's motion for a nunc pro tunc order.

### CONCLUSION

AFI appeals from the denial of a motion to amend a journal

entry or for an order nunc pro tunc. The trial court did not have the authority to amend its judgment after term, and the trial court cannot alter a judgment through a nunc pro tunc order. Therefore, the trial court did not err in overruling AFI's motion.

AFFIRMED.