17 Neb. App. 662
CAPITOL CONSTRUCTION, INC., APPELLEE,
v.
MICKEY C. SKINNER AND JEAN M. SKINNER, AS PROPERTY OWNERS, AND MIKE SKINNER, AS CONTRACTOR, APPELLANTS.
No. A-08-588.
Court of Appeals of Nebraska.
Filed June 9, 2009.
Aaron D. Weiner, of Abrahams, Kaslow & Cassman, L.L.P., for appellants.
Brian T. McKernan, of McGrath, North, Mullin & Kratz, P.C., L.L.O., for appellee.
INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.
SIEVERS, Judge.

PROCEDURAL HISTORY
A judgment adverse to Mickey C. Skinner and Jean M. Skinner in the amount of $5,698.38 was entered in favor of Capitol Construction, Inc., by the Douglas County Court. Mickey and Jean, as well as Mike Skinner (collectively the Skinners), timely appealed to the district court by new counsel (appellate counsel), although there was never a withdrawal of the lawyer who tried the case (trial counsel). On November 26, 2007, the clerk of the district court sent a "Notice of Intent to Dismiss" addressed to the trial counsel. On December 27, the district court dismissed the appeal. The dismissal order recited that a "Notice of Intent to Dismiss" letter had been sent to "counsel of record" and had provided instructions on how to avoid dismissal. The district court's order found that case progression standards had not been met and that the "procedural process to avoid dismissal was not followed." On January 14, 2008, appellate counsel filed a "Motion to Reinstate and for Scheduling" that asserted that the notice of intent to dismiss had been sent to trial counsel rather than to appellate counsel, depriving appellate counsel of notice. This motion was heard on February 20, although we have no record of what occurred other than a journal note that a hearing was held in chambers with counsel present and that the matter was taken under advisement. Thus, we do not know what was said or discussed, and of course, there is no evidence before us from that hearing. On April 24, the district court denied the motion to reinstate without any explanation. A notice of appeal to this court was filed on May 23, which was within 30 days of the court's denial of the motion to reinstate, but well beyond 30 days from the dismissal of the appeal by the district court.

ASSIGNMENTS OF ERROR
At the outset, we note that on November 6, 2008, we sustained Capitol Construction's motion to strike portions of the Skinners' brief to this court "to the extent that the exhibits attached to the brief of appellant and all references in said brief to said exhibits are stricken." This is of consequence because the Skinners' argument largely centers on the contents of the stricken exhibits, which are not in evidence.
The Skinners assert in their first assignment of error that the district court misapplied Goodman v. City of Omaha, 274 Neb. 539, 742 N.W.2d 26 (2007), when it concluded that it did not have jurisdiction under that decision to hear the Skinners' appeal. However, the district court's order denying the motion to reinstate makes no finding of a lack of jurisdiction, nor does it mention the Goodman decision. As a matter of appellate practice, it is difficult to address a finding the lower court did not make or a rationale it did not employ. Nonetheless, the Goodman holding is necessarily implicated in our decision to a degree. Goodman held that when the district court was functioning as an intermediate court of appeals, its order "was not a judgment, but, rather, was an appellate decision," and that in such circumstances, a motion to alter or amend was not an appropriate motion to file after the district court's decision and did not toll the time for filing a notice of appeal. 274 Neb. at 544, 742 N.W.2d at 30.
With the Goodman holding in place, we set forth the Skinners' second assignment of error: The Skinners assert that the district court erred in overruling their motion to reinstate, because the dismissal would not have occurred without error by the district court administrator in sending the notice of intent to dismiss to trial counsel rather than appellate trial counsel, and further that "justice requires [that] the appeal be reinstated."

DISCUSSION
[1,2] The term of the district court for Douglas County begins on January 1 of each year and ends on December 31 of each year. See Rules of Dist. Ct. of Fourth Jud. Dist. 4-1C (rev. 1995). The judgment of dismissal occurred on December 27, 2007, followed by the filing of the motion to reinstate on January 14, 2008. Therefore, the term of the district court at which the dismissal was rendered and entered had ended, meaning that the motion to reinstate was filed "after term," a procedural fact that would be of consequence but for the holding of Goodman, 274 Neb. at 544, 742 N.W.2d at 30, that district courts when sitting as intermediate appellate courts do not render judgments, but, rather, "appellate decision[s]." In a system of vertical stare decisis, we are dutybound to follow Goodman. See Pogge v. American Fam. Mut. Ins. Co., 13 Neb. App. 63, 688 N.W.2d 634 (2004). Thus, while there is a series of statutes expressly dealing with the modification of judgments and orders, see Neb. Rev. Stat. §§ 25-2001 and 25-2002 (Reissue 2008), the dismissal at issue here is not an order or judgment, but, rather, an "appellate decision." Accordingly, the statutes relating to modification or vacation of judgments and orders are inapplicable because of the Goodman holding. However, we must turn to the issue of jurisdiction because it is the duty of an appellate court to settle jurisdictional issues presented by a case. See Merrill v. Griswold's, Inc., 270 Neb. 458, 703 N.W.2d 893 (2005).
We have withheld our resolution of this appeal pending the Nebraska Supreme Court's decision in State v. Hausmann, 277 Neb. 819, ___ N.W.2d ___(2009), which was released on May 22, 2009. Although it is a criminal case and does not involve a motion to reinstate after a dismissal of a civil appeal as we have here, it nonetheless informs our decision. Alecia Hausmann was convicted in county court of being a minor in possession of alcohol, and she appealed to the district court. That court dismissed the appeal on September 10, 2007, because the record was inadequate for appellate review because it lacked a final order from the county court. On September 28, Hausmann filed a motion to vacate the dismissal and file a supplemental transcript. The district court granted this motion on October 5, the supplemental transcript was filed October 9, and the district court affirmed the county court's judgment on October 22. Hausmann then appealed to this court on November 21.
In our decision, State v. Hausmann, 17 Neb. App. 195, 758 N.W.2d 54 (2008), reversed 277 Neb. 819, ___ N.W.2d ___ (2009), we dismissed Hausmann's appeal as untimely filed, reasoning that if the district court lacked jurisdiction to vacate its order of September 10, 2007, then the September 10 order would have been final and appealable, and that if Hausmann's motion to vacate did not toll the time for taking an appeal, then Hausmann's November 21 notice of appeal was untimely. In our analysis of the jurisdictional issue, we found conflicting authority from the Nebraska Supreme Court, but we followed the most recent decisions and concluded that the district court had no power, when sitting as an appellate court, to rehear its decisions. We concluded that the district court lost jurisdiction over the appeal when it entered the September 10 order and that the subsequent district court proceedings were a nullity and did not toll the time for Hausmann to file her notice of appeal. Therefore, we found that her appeal to this court was out of time. The Supreme Court, on further review, overruled one of its prior decisions upon which we had relied, reversed our decision, and held that the appeal was timely filed.
Thus, we now turn to what the Supreme Court's opinion in Hausmann means for this case, and we begin with the analytic focus that the Supreme Court articulated therein:
[I]t is important to clarify the difference between two related, but analytically distinct issues: whether the district court has jurisdiction to rehear an appeal on which a final order has been entered, and whether a motion asking the court to exercise such jurisdiction tolls the time for taking an appeal.
277 Neb. at 824, ___ N.W.2d at ___.
[3,4] The Supreme Court observed that the district court vacated its earlier order and entered a new order disposing of the appeal and that Hausmann could clearly appeal within 30 days of the district court's new final order, if the court had the power to enter such an order. The Supreme Court then turned to its decision in State v. Dvorak, 254 Neb. 87, 574 N.W.2d 492 (1998), disapproved, State v. Hausmann, 277 Neb. 819, ___ N.W.2d ___ (2009), which held that the district court did not have such power. The Supreme Court then found that Dvorak was incorrect and overruled that decision. The flaw in Dvorak was explained to be its suggestion that the entry of a final order, standing alone, divested the court of jurisdiction, when it is the perfection of an appeal to a higher court that divests the district court, sitting as an appellate court, of jurisdiction. The Supreme Court further explained, and we quote:
[F]undamentally, we erred in finding no authority for the district court, sitting as an appellate court, to modify its previous order. We overlooked our decisions to the contrary in [State v.] Painter[, 224 Neb. 905, 402 N.W.2d 677 (1987),] and Interstate Printing Co. [v. Department of Revenue, 236 Neb. 110, 459 N.W.2d 519 (1990)]. In particular, we overlooked our reasoning in Interstate Printing Co., in which we relied on the district court's inherent power to vacate or modify its judgments or orders, either during the term at which they were made, or upon a motion filed within 6 months of the entry of the judgment or order. And, as noted by the Court of Appeals in this case, our holding in Painter that "an intermediate appellate court may also timely modify its opinion" is consistent with the generally recognized common-law rule that an appellate court has the inherent power to reconsider an order or ruling until divested of jurisdiction.
State v. Hausmann, 277 Neb. at 826, ___ N.W.2d at ___.
[5] Having said this, the Supreme Court in Hausmann reaffirmed the viability of the holdings of Painter and Interstate Printing Co. that while an intermediate appellate court still has jurisdiction over an appeal, it has the inherent power to vacate or modify a final judgment or order. With this principle firmly and clearly embraced, the Supreme Court then said:
We emphasize, however, that in the absence of an applicable rule to the contrary, a motion asking the court to exercise that inherent power does not toll the time for taking an appeal. A party can move the court to vacate or modify a final orderbut if the court does not grant the motion, a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it. And if an appeal is perfected before the motion is ruled upon, the district court loses jurisdiction to act.
State v. Hausmann, 277 Neb. at 827, ___ N.W.2d at ___.
In the instant case, the Skinners invoked the district court's inherent power via a motion to reinstate or vacate filed within 30 days of a final order (or, under Goodman v. City of Omaha, 274 Neb. 539, 544, 742 N.W.2d 26, 30 (2007), a final "appellate decision"), but the district court did not rule on the motion until well after the 30 days to appeal had run. Therefore, under State v. Hausmann, 277 Neb. 819, ___ N.W.2d ___(2009), the time to appeal from the dismissal of December 27, 2007, was well past when the Skinners filed the notice of appeal on May 23, 2008. Accordingly, we lack jurisdiction to consider the merits of the dismissal of December 27, 2007.
Nonetheless, it seems to us that the remaining question is whether we have jurisdiction to consider the April 24, 2008, denial of the motion to vacate, given that the notice of appeal was filed within 30 days of that ruling. In deciding this question, we remember that in Hausmann, the Supreme Court made it clear that an "'intermediate appellate court may also timely modify its opinion.'" 277 Neb. at 826, ___ N.W.2d at ___. However, in this case, the district court did not modify its order of dismissal, although the Supreme Court's resolution of Hausmann leaves no doubt that the district court could have done so, even though 30 days from the original dismissal had run because no notice of appeal had been filed, nor had the district court issued a mandateactions that would have deprived the district court of jurisdiction.
[6] Nonetheless, we remember that the district court did not modify its dismissal and that certainty and finality of orders for appeal purposes are desirable. Those factors, coupled with the Supreme Court's clear directive in Hausmann that the litigant must within 30 days either achieve the modification he or she seeks or file an appeal, cause us to conclude that once the 30 days in which to appeal run, without either the filing of a notice of appeal or a ruling on the motion to modify, the motion to vacate becomes akin to a "motion to reconsider." And the case law is clear that a motion to reconsider, except when based on newly discovered evidence, does not extend the time in which to appeal. See, Kinsey v. Colfer, Lyons, 258 Neb. 832, 606 N.W.2d 78 (2000); Breeden v. Nebraska Methodist Hosp., 257 Neb. 371, 598 N.W.2d 441 (1999); City of Lincoln v. Twin Platte NRD, 250 Neb. 452, 551 N.W.2d 6 (1996).
Therefore, for these reasons, we find that this appeal was filed out of time and that we lack jurisdiction.
APPEAL DISMISSED.