778 N.W.2d 721 (2010)
279 Neb. 419
CAPITOL CONSTRUCTION, INC., appellee,
v.
Mickey C. SKINNER and Jean M. Skinner, as Property Owners, and Mike Skinner, as Contractor, appellants.
No. S-08-588.
Supreme Court of Nebraska.
February 12, 2010.
*723 Aaron D. Weiner, of Abrahams, Kaslow & Cassman, L.L.P., Omaha, for appellants.
Brian T. McKernan, of McGrath, North, Mullin & Kratz, P.C., L.L.O., Omaha, for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
GERRARD, J.
The district court, sitting as an appellate court, dismissed the appellants' appeal. The appellants asked the district court to reinstate the appeal, alleging that they had not received notice of the impending dismissal. The district court refused, and the appellants appealed again, arguing that the district court should have reinstated their appeal. But the Nebraska Court of Appeals dismissed their appeal as untimely, because they had not appealed within 30 days of the district court's order of dismissal. The issue presented is whether the district court's order refusing to reinstate the appeal was itself a final, appealable order. We conclude that it was, and because the appellants timely appealed from that order, we reverse the judgment of the Court of Appeals and remand this cause with directions.

BACKGROUND
The appellants are Mickey C. Skinner and Jean M. Skinner, who own a house, and Mike Skinner, who lives there. Mike entered into a construction contract with Capitol Construction, Inc., the appellee, to replace the appellants' roof. Disagreements ensued, and the appellee sued in county court for money damages. Eventually, judgment was entered for the appellee in the amount of $5,698.38. The appellants filed a timely appeal to the district court, through new counsel. On November 26, 2007, the district court sent a progression letter to the appellants' trial counsel, who neither replied nor informed appellate counsel of the letter. On January 8, 2008, the district court entered an order dismissing the appeal.
On January 14, 2008, the appellants filed a motion to reinstate the appeal, alleging that the clerk of the district court had mistakenly sent all notices to the appellants' previous attorney instead of their appellate counsel of record. On April 24, the district court entered an order denying the motion to reinstate. The appellants appealed to the Court of Appeals. In their appellate brief, the only issue raised was that the district court erred in deciding not to reinstate the appeal. In other words, the appellants did not seek to appeal from the January 8 orderthey sought to appeal from the April 24 order. Nonetheless, the Court of Appeals dismissed the appeal, concluding that the appeal was untimely because it was not filed within 30 days of the January 8 order.[1] We granted the appellants' petition for further review and ordered the appeal to be submitted without oral argument.[2]

ASSIGNMENT OF ERROR
The appellants assign, consolidated, that the Court of Appeals erred in holding that it did not have jurisdiction over their appeal from the April 24, 2008, order.

STANDARD OF REVIEW
A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach *724 a conclusion independent of the lower court's decision.[3]

ANALYSIS
The starting point for our analysis of this appeal is our recent decision in State v. Hausmann.[4] In Hausmann, the defendant was convicted in the county court of being a minor in possession of alcohol. She appealed to the district court, but the district court dismissed the appeal on September 10, 2007, because the transcript was inadequate. On September 28, the defendant filed a motion to vacate the dismissal and permit the record to be corrected. The district court granted the motion on October 5. A supplemental transcript was filed, and on October 22, the court entered an order affirming the county court judgment. On November 21, the defendant appealed to the Court of Appeals.
The Court of Appeals dismissed the appeal as untimely filed.[5] The court held that the district court had no power, when sitting as an appellate court, to rehear its own decisions. Therefore, the court reasoned that the district court's original order of dismissal had been final and appealable and that the defendant's notice of appealfiled more than 30 days after that orderwas untimely.[6]
We reversed the decision of the Court of Appeals.[7] We began by noting the difference between two related, but distinct issues: whether the district court, sitting as an appellate court, has jurisdiction to rehear an appeal on which a final order has been entered and whether a motion asking the court to exercise such jurisdiction tolls the time for taking an appeal. We explained that it is not the entry of a final, appealable order that divests the district court of jurisdiction over the appeal rather, the district court is divested of jurisdiction to a higher appellate court when an appeal is perfected, or to the county court when the county court acts upon the district court's mandate. And we held that a district court sitting as an appellate court has the inherent power to vacate or modify its judgments or orders, either during the term at which they were made or upon a motion filed within 6 months of the entry of the judgment or order.[8] We emphasized, however, that
in the absence of an applicable rule to the contrary, a motion asking the court to exercise that inherent power does not toll the time for taking an appeal. A party can move the court to vacate or modify a final orderbut if the court does not grant the motion, a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it. And if an appeal is perfected before the motion is ruled upon, the district court loses jurisdiction to act.[9]
But because the district court in that case had not lost jurisdiction, and had granted the motion to vacate the final order, we concluded that the notice of appeal was timely.
*725 The Court of Appeals addressed the applicability of Hausmann[10] in its decision in this case. The Court of Appeals concluded that it lacked jurisdiction over the January 8, 2008, dismissal and framed the issue as whether it had jurisdiction to consider the April 24 denial of the motion to vacate, given that the notice of appeal was filed within 30 days of that ruling. The Court of Appeals noted that "the district court did not modify its dismissal" and that "certainty and finality of orders for appeal purposes are desirable."[11] And "[t]hose factors, coupled with the Supreme Court's clear directive in Hausmann that the litigant must within 30 days either achieve the modification he or she seeks or file an appeal," led the Court of Appeals to conclude that once the 30 days in which to appeal had run, without either the filing of a notice of appeal or a ruling on the motion to modify, the motion to vacate became akin to a "`motion to reconsider'" that did not extend the time in which to appeal.[12]
But the Court of Appeals may have overlooked the basis for our conclusion in Hausmann,[13] which made clear that a district court sitting as an appellate court has the same power to reconsider its orders, both inherently and under § 25-2001, as it does when it is a court of original jurisdiction. And more importantly, an order denying a motion to vacate or modify a final order is itself a final, appealable order.[14] Such an order affects a substantial right upon a summary application in an action after judgment,[15] and we have repeatedly decided such appeals on the merits of the motion to vacate.[16]
Andersen v. American Family Mut. Ins. Co.[17] illustrates those principles at work. In Andersen, a judgment was entered for the plaintiff on November 30, 1993, and the defendant filed a motion to amend the judgment or for an order nunc pro tunc on January 31, 1994. The motion to amend or for an order nunc pro tunc was overruled on the same day, and the defendant appealed. The defendant assigned errors with respect to both the November 30 judgment and the January 31 denial of its motion.
We refused to consider the defendant's assignments of error with respect to the November 30, 1993, judgment, reasoning that the defendant "apparently seeks to use the denial of its motion to amend or for an order nunc pro tunc to gain appellate review of the November 30, 1993, trial court order. This [the defendant] is not *726 permitted to do."[18] We refused to review the November 30 judgment on jurisdictional grounds. Instead, we addressed "only whether the trial court erred in denying [the defendant's] January 31, 1994, motion to amend the trial court's journal entry or for an order nunc pro tunc."[19] We found that the criteria for modifying a judgment set forth in § 25-2001 were not satisfied and that a nunc pro tunc order would not have been proper, so we affirmed the January 31 order.[20]
Similarly, in this case, the Court of Appeals did not have jurisdiction to consider an appeal challenging the merits of the January 8, 2008, dismissal. But it did have jurisdiction to consider the merits of the April 24 order denying the motion to reinstatein other words, to consider whether the appellants demonstrated that their appeal should be reinstated due to the alleged error of the clerk of the district court. And that is all the appellants asked. In Hausmann, we emphasized that if the district court does not grant a motion to reconsider an appellate decision, "a notice of appeal must be filed within 30 days of the entry of the earlier final order if the party intends to appeal it"in other words, if the party intends to appeal the earlier final order.[21] The Court of Appeals erred in extending Hausmann to preclude an appeal from an order denying reconsideration, if that later order is based upon grounds that make it independently final and appealable and the merits of that order are the issue raised on appeal. And as a result, the Court of Appeals erred in concluding that appellate jurisdiction was lacking in this case.
Upon reversing a decision of the Court of Appeals, we may consider, as we deem appropriate, some or all of the assignments of error the Court of Appeals did not reach.[22] As noted above, the appellants' brief to the Court of Appeals generally assigned that the district court erred in refusing to reinstate their appeal.
But appellate review of the district court's decision is complicated by the fact that neither the court's order, nor anything in the record, reflects the basis of the court's refusal to reinstate the appeal. This is particularly problematic given that the record establishes beyond reasonable dispute that the court's progression order was not sent to the appellants' appellate counsel. The appellants representand we have no reason to disbelievethat the court did not believe it had jurisdiction to reinstate an appeal. This would not be surprising, because we had not yet decided Hausmann and a fair reading of the law at that time would have suggested to the district court that it had no such authority.[23]
In any event, we find it difficult to review the district court's exercise of its discretion when the basis for its decision is not reflected by the record, and it is not at all clear that the district court considered the appellants' motion on its merits. Under the circumstances, we conclude that it is appropriate to remand this cause to the district court for further proceedings in *727 light of our decision in Hausmann,[24] and the principles articulated in this opinion.

CONCLUSION
The Court of Appeals erred in concluding it lacked jurisdiction over this appeal, because the appellants' notice of appeal was filed within 30 days of the final, appealable April 24, 2008, order from which they sought to appeal. And we conclude that the cause should be remanded to the district court for further proceedings. Therefore, we reverse the judgment of the Court of Appeals and remand the cause to the Court of Appeals with directions to remand the cause to the district court for further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
NOTES
[1] Capitol Construction v. Skinner, 17 Neb.App. 662, 769 N.W.2d 792 (2009).
[2] See Neb. Ct. R.App. P. § 2-111(B)(1) (rev. 2008).
[3] Reed v. Reed, 277 Neb. 391, 763 N.W.2d 686 (2009).
[4] State v. Hausmann, 277 Neb. 819, 765 N.W.2d 219 (2009).
[5] See State v. Hausmann, 17 Neb.App. 195, 758 N.W.2d 54 (2008), reversed, Hausmann, supra note 4.
[6] Hausmann, supra note 5.
[7] Hausmann, supra note 4.
[8] Id., citing Neb.Rev.Stat. § 25-2001(1) (Reissue 2008).
[9] Hausmann, supra note 4, 277 Neb. at 827, 765 N.W.2d at 225.
[10] Hausmann, supra note 4.
[11] Capitol Construction, supra note 1, 17 Neb. App. at 668, 769 N.W.2d at 797.
[12] Id.
[13] Hausmann, supra note 4.
[14] See Pep Sinton, Inc. v. Thomas, 174 Neb. 508, 118 N.W.2d 621 (1962). Cf., Jarrett v. Eichler, 244 Neb. 310, 506 N.W.2d 682 (1993); Vacca v. DeJardine, 213 Neb. 736, 331 N.W.2d 516 (1983); Jones v. Nebraska Blue Cross Hospital Service Assn., 175 Neb. 101, 120 N.W.2d 557 (1963).
[15] See Neb.Rev.Stat. § 25-1902 (Reissue 2008).
[16] See, e.g., Hartman v. Hartman, 265 Neb. 515, 657 N.W.2d 646 (2003); Nye v. Fire Group Partnership, 263 Neb. 735, 642 N.W.2d 149 (2002); Thrift Mart v. State Farm Fire & Cas. Co., 251 Neb. 448, 558 N.W.2d 531 (1997), overruled on other grounds, Hornig v. Martel Lift Systems, 258 Neb. 764, 606 N.W.2d 764 (2000); Andersen v. American Family Mut. Ins. Co., 249 Neb. 169, 542 N.W.2d 703 (1996); Roemer v. Maly, 248 Neb. 741, 539 N.W.2d 40 (1995); Welch v. Welch, 246 Neb. 435, 519 N.W.2d 262 (1994); Aetna Cas. & Surety Co. v. Dickinson, 216 Neb. 660, 345 N.W.2d 8 (1984).
[17] Andersen, supra note 16.
[18] Id. at 171, 542 N.W.2d at 705.
[19] Id.
[20] See id. See, also, Thrift Mart, supra note 16.
[21] See Hausmann, supra note 4, 277 Neb. at 827, 765 N.W.2d at 225.
[22] See Incontro v. Jacobs, 277 Neb. 275, 761 N.W.2d 551 (2009).
[23] See, e.g., State v. Dvorak, 254 Neb. 87, 574 N.W.2d 492 (1998), disapproved, Hausmann, supra note 4.
[24] Hausmann, supra note 4.