Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/23/2022 08:07 AM CDT

HUNTINGTON GROUP, L.L.C., A NEBRASKA LIMITED LIABILITY
CORPORATION, APPELLEE, V. J-TON CONTRACTORS, INC.,
A NEBRASKA CORPORATION, APPELLANT.

___ N.W.2d ___

Filed August 23, 2022.    No. A-21-612.

1. **Judgments: Jurisdiction: Appeal and Error.** A jurisdictional question
   that does not involve a factual dispute is determined by an appellate
   court as a matter of law, which requires the appellate court to reach a
   conclusion independent of the lower court's decision.
2. **Jurisdiction: Appeal and Error.** Before reaching the legal issues
   presented for review, it is the duty of an appellate court to determine
   whether it has jurisdiction over the appeal.
3. **Final Orders: Appeal and Error.** An order is final for purposes of
   appeal under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020) if it affects a
   substantial right and (1) determines the action and prevents a judgment,
   (2) is made during a special proceeding, or (3) is made on summary
   application in an action after judgment is rendered.
4. **Actions: Parties: Judgments: Appeal and Error.** Neb. Rev. Stat.
   § 25-1315(1) (Reissue 2016) requires, in cases with multiple claims
   or parties, an explicit adjudication with respect to all claims or parties
   or, failing such explicit adjudication of all claims or parties, an express
   determination that there is no just reason for delay of an appeal of an
   order disposing of less than all claims or parties and an express direction
   for the entry of judgment as to those adjudicated claims or parties.

Appeal from the District Court for Lancaster County: SUSAN
I. STRONG, Judge. Appeal dismissed.

Aaron F. Smeall and Timothy J. Buckley, of Smith, Slusky,
Pohren & Rogers, L.L.P., for appellant.

Terri M. Weeks, of Bowman & Krieger, for appellee.

- 288 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
HUNTINGTON GROUP v. J-TON CONTRACTORS
Cite as 31 Neb. App. 287

Moore, Riedmann, and Arterburn, Judges.

Riedmann, Judge.

## INTRODUCTION

J-Ton Contractors, Inc. (J-Ton), appeals the order of the district court for Lancaster County denying its motion to reinstate and to set a trial date. We conclude that the order appealed from was not a final order; accordingly, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

Huntington Group, L.L.C. (Huntington), entered into a verbal contract with J-Ton, for J-Ton to remove an existing parking lot and replace it with asphalt. On February 10, 2016, Huntington filed a complaint alleging breach of contract and negligence in J-Ton's workmanship. On April 29, J-Ton filed an answer and counterclaim, which it amended on December 26, 2018. Trial was scheduled to begin on February 13, 2019, but on January 30, the parties stipulated to continue trial due to a pending mediation.

According to our record, no further activity occurred until February 19, 2021, at which time the district court issued an order to show cause why the case should not be dismissed for want of prosecution. The order stated, "Failure to comply will result in *this case* being dismissed without further notice or hearing." (Emphasis supplied.) On March 31, the district court entered an order of dismissal because no showing was made in response to the prior order. The order stated that "*the Complaint* filed herein is dismissed without prejudice for want of prosecution." (Emphasis supplied.) On May 12, J-Ton filed a motion to reinstate and to set a trial date. The motion alleged that the parties had conducted discovery, that they were unsuccessful in mediation, and that the matter was ready for trial. Following a hearing, a transcript of which is not contained in our record, the court denied the motion. J-Ton timely appealed.

- 289 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
HUNTINGTON GROUP v. J-TON CONTRACTORS
Cite as 31 Neb. App. 287

## ASSIGNMENTS OF ERROR

J-Ton assigns, restated, that the district court erred in (1) denying its motion to reinstate and set a trial date, (2) not reinstating this matter after issuing its order of dismissal, and (3) not setting a trial date on its counterclaim.

## STANDARD OF REVIEW

[1] A jurisdictional question that does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *Capitol Construction v. Skinner*, 279 Neb. 419, 778 N.W.2d 721 (2010), *overruled on other grounds, McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019).

## ANALYSIS

[2,3] Before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the appeal. See *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019). Appellate jurisdiction turns on whether the order denying the motion to reinstate was a final order under Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020). An order is final for purposes of appeal under § 25-1902 if it affects a substantial right and (1) determines the action and prevents a judgment, (2) is made during a special proceeding, or (3) is made on summary application in an action after judgment is rendered. *Fidler v. Life Care Centers of America*, 301 Neb. 724, 919 N.W.2d 903 (2018).

However, in reviewing the denial of a motion to vacate or to reinstate, the Nebraska Supreme Court has also instructed that the basis of the motion must be considered. See *Green v. Seiffert, supra*. In other words, when the motion to reinstate a case does not introduce an "'intervening new matter'" and instead merely contends that the initial order dismissing the case was erroneous, the appeal of an order denying that motion is untimely if not filed within 30 days of the order

- 290 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
HUNTINGTON GROUP v. J-TON CONTRACTORS
Cite as 31 Neb. App. 287

initially dismissing the matter. See *id*. at 216, 933 N.W.2d at 593. See, also, *McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019); *Capitol Construction v. Skinner, supra.*

Here, J-Ton's motion for reinstatement was predicated on the case being ready for trial. It did not identify any intervening new matter; therefore, pursuant to *Green*, *Capitol Construction*, and *McEwen*, the appeal would be untimely if the initial order dismissing the complaint was a final, appealable order. We find, however, that it was not.

The show cause order issued in February 2021 advised that the matter had been pending without any action of record for a period of 6 months or longer. The court directed Huntington to respond within 30 days and warned that failure to do so "will result in *this case* being dismissed without further notice or hearing." (Emphasis supplied.) The subsequent order of dismissal, however, dismissed *the complaint* without prejudice. It made no mention of the pending counterclaim.

[4] The Supreme Court has "made it clear" that Neb. Rev. Stat. § 25-1315(1) (Reissue 2016) requires, in cases with multiple claims or parties, an explicit adjudication with respect to all claims or parties or, failing such explicit adjudication of all claims or parties, an express determination that there is no just reason for delay of an appeal of an order disposing of less than all claims or parties and an express direction for the entry of judgment as to those adjudicated claims or parties. *Cattle Nat. Bank & Trust Co. v. Watson*, 293 Neb. 943, 953, 880 N.W.2d 906, 917 (2016).

In *Malolepszy v. State*, 270 Neb. 100, 699 N.W.2d 387 (2005), the district court dismissed the plaintiffs' petition against the defendant, but did not explicitly adjudicate the defendant's third-party claim against a third-party defendant. The Supreme Court dismissed the appeal for lack of jurisdiction because the district court did not expressly adjudicate the third-party claim, nor did it make the express determination

- 291 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
HUNTINGTON GROUP v. J-TON CONTRACTORS
Cite as 31 Neb. App. 287

and the express direction required by § 25-1315(1). *Malolepszy v. State, supra*.

Here, the district court dismissed only Huntington's complaint; it did not address J-Ton's counterclaim. Unlike the dismissals in *Green v. Seiffert*, 304 Neb. 212, 933 N.W.2d 590 (2019), and *Capitol Construction v. Skinner*, 279 Neb. 419, 778 N.W.2d 721 (2010), *overruled on other grounds, McEwen v. Nebraska State College Sys.*, 303 Neb. 552, 931 N.W.2d 120 (2019), the dismissal of the complaint was not a final, appealable order and J-Ton's counterclaim remains pending. Because the counterclaim has not yet been disposed of, there is no final order for us to review.

## CONCLUSION

Because we conclude we lack appellate jurisdiction, we dismiss the appeal.

Appeal dismissed.